1  Edwin J. Wilson, Jr. , Bar No. 048881
   Garret D. Murai, Bar No. 215667
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, California  94607-4036
   Telephone:  (510) 834-6600
4  Facsimile:  (510) 834-1928
   Email:  ewilson@wendel.com
5
   Attorneys for Plaintiffs
6  MARKUS M. HALL; MONIQUE G.
   RANKIN; and LINDSEY K. SANDERS
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 MARKUS M. HALL, an individual;          Case No.
   MONIQUE G. RANKIN, an individual;
12 and LINDSEY K. SANDERS, an              **COMPLAINT FOR VIOLATION OF 42**
   individual,                            **U.S.C. §1983;VIOLATION OF**
13                                         **CALIFORNIA CIVIL CODE §51.7;**
                  Plaintiffs,              **VIOLATION OF CALIFORNIA CIVIL**
14                                         **CODE §52.1; FALSE ARREST; BATTERY;**
        vs.                                **NEGLIGENCE; INTENTIONAL**
15                                         **INFLICTION OF EMOTIONAL DISTRESS**
   CITY OF FAIRFIELD, a California
16 municipal corporation; OFFICER NICK     **DEMAND FOR JURY TRIAL**
   McDOWELL, individually and in his
17 capacity as a police officer with the CITY
   OF FAIRFIELD; OFFICER CHRIS
18 GRIMM, individually and in his capacity
   as a police officer with the CITY OF
19 FAIRFIELD; OFFICER TOM
   SHACKFORD, individually and in his
20 capacity as a police officer with the CITY
   OF FAIRFIELD; OFFICER ZACK
21 SANDOVAL, individually and in his
   capacity as a police officer with the CITY
22 OF FAIRFIELD; SERGEANT STEVE
   CRANE, individually and in his capacity as
23 a police officer with the CITY OF
   FAIRFIELD; IN-N-OUT BURGER, a
24 California corporation; MARC L.
   YOUNG, an individual; and DOES 1
25 through 50, inclusive,

26              Defendants.

27

28

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA  94607    -4036*

016366.0001\1369917.1

*COMPLAINT*

1    Plaintiffs MARKUS M. HALL, MONIQUE G. RANKIN, and LINDSEY K. SANDERS

2    allege as follows:

3    **INTRODUCTION**

4    1.    This action arises from incidents that took place shortly past midnight on July 4,

5    2009.   At approximately 12:54 a.m., Defendant police officers, employed by the City of

6    Fairfield, were called to the In-N-Out Burger located at 1364 Holiday Lane, Fairfield, California,

7    in response to a call from the Defendant manager of the In-N-Out Burger that a group of African-

8    American high school students were causing a disturbance.  Plaintiffs, African-American college

9    students, who were not among the group of African-American high school students, arrived at the

10   In-N-Out Burger after the officers had been called by the manager of the In-N-Out Burger.  When

11   the officers arrived, Plaintiffs were told by the manager and officers that they had to order or

12   leave the restaurant.  Plaintiffs left the restaurant, and the officers followed Plaintiffs to the

13   parking lot, where they were surrounded by the officers and ordered to leave the parking lot on

14   foot, despite the fact that Plaintiffs were waiting for two members of their group who were

15   ordering food in the restaurant including the driver of the car they came in.  Plaintiffs, who had

16   done nothing wrong, and were not even at the In-N-Out Burger at the time the manager called the

17   Fairfield Police Department, questioned the officers regarding why they were being asked to

18   leave.  When Plaintiffs questioned whether this was racially-motivated, the officers became

19   violent and arrested Plaintiffs under the guise of resisting arrest.  The manager of the In-N-Out

20   Burger, although he was not present in the parking lot, filed a citizen's arrest complaint against

21   the Plaintiffs, without probable cause and in conspiracy with the officers to have Plaintiffs placed

22   into custody.

23   **JURISDICTION**

24   2.    This Court has jurisdiction over Plaintiffs' claims brought under 42 U.S.C. §1983

25   pursuant to 28 U.S.C. §§1331 (Federal Question) and 1343(a)(3) (Federal Civil Rights).

26   / / /

27   / / /

28   / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607   -4036

1

**PENDENT JURISDICTION**

2

3.      This Court has jurisdiction over Plaintiffs' pendent state claims pursuant to 28

3

U.S.C. §1367(a) because said claims are so related to the claims in the action within such original

4

jurisdiction that they form part of the same case or controversy under Article III of the United

5

States Constitution.

6

**INTRADISTRICT ASSIGNMENT**

7

4.      Intradistrict assignment of this action lies in the Sacramento Division of this Court

8

pursuant to Civil Local Rule 3-120.

9

**PARTIES**

10

5.      Plaintiff MARKUS M. HALL is, and at all times mentioned herein was, an

11

individual residing in the County of Alameda, State of California.  At the time of the incident, he

12

was 18 years old and attending his first year of college.

13

6.      Plaintiff MONIQUE G. RANKIN is, and at all times mentioned herein was, an

14

individual residing in the County of Solano, State of California.  At the time of the incident, she

15

was 18 years old and attending her first year of college.

16

7.      Plaintiff LINDSEY K. SANDERS is, and at all times mentioned herein was, an

17

individual residing in the County of Solano, State of California.  At the time of the incident, she

18

was 19 years old and attending her second year of college.

19

8.      Plaintiffs are informed and believe that Defendant CITY OF FAIRFIELD is, and

20

at all times mentioned herein was, a California municipal corporation in the County of Solano,

21

State of California.

22

9.      Plaintiffs are informed and believe that Defendant OFFICER NICK McDOWELL

23

(Badge No. 1374) is, and at all times mentioned herein was, an individual employed as a police

24

officer with the City of Fairfield.

25

10.      Plaintiffs are informed and believe that Defendant OFFICER CHRIS GRIMM

26

(Badge No. 1311) is, and at all times mentioned herein was, an individual employed as a police

27

officer with the City of Fairfield.

28

/ / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607   -4036

11.     Plaintiffs are informed and believe that Defendant OFFICER TOM SHACKFORD (Badge No. 1340) is, and at all times mentioned herein was, an individual employed as a police officer with the City of Fairfield.

12.     Plaintiffs are informed and believe that Defendant OFFICER ZACK SANDOVAL (Badge No. 1367) is, and at all times mentioned herein was, an individual employed as a police officer with the City of Fairfield.

13.     Plaintiffs are informed and believe that Defendant SERGEANT STEVE CRANE (Badge No. 960) is, and at all times mentioned herein was, an individual employed as a police officer with the City of Fairfield.

14.     Plaintiffs are informed and believe that Defendant IN-N-OUT BURGER is, and at all times mentioned herein was, a California corporation which owned and operated a fast food restaurant located at 1364 Holiday Lane, Fairfield, California.

15.     Plaintiffs are informed and believe that Defendant MARC L. YOUNG is, and at all times mentioned herein was, an individual employed by In-N-Out Burger at its restaurant located at 1364 Holiday Lane, Fairfield, California.

16.     Plaintiffs do not know the true names and capacities, whether individual, partnership, corporate, or otherwise, of Defendants DOES 1 through 50, inclusive, and on that basis designate these defendants by such fictitious names.  When the true names and capacities of DOES 1 through 50, inclusive, or any of them, become known, Plaintiffs will amend this Complaint to state their true names and capacities.  Plaintiffs are informed and believe that DOES 1 through 50, inclusive, and each of them, is in some way liable, responsible, or indebted to Plaintiffs in connection with the events and/or transactions referred to in this Complaint.

17.     Plaintiffs are informed and believe that Defendants and each of them is, and at all times mentioned herein was, an agent, partner, joint venturer, employee, and/or conspirator of the other defendants and is, and at all times mentioned herein was, performing the acts and omissions herein alleged, within the course and scope of such agency, partnership, joint venture, employment and/or conspiracy.  Plaintiffs are further informed and believe that the acts and omissions of Defendants and each of them, were known to, and authorized and ratified by, the

other defendants, and that each defendant is legally responsible for the conduct and damages herein alleged.

## **FACTS**

18.      On July 4, 2009, at approximately 12:55 a.m., Plaintiffs, African-American college students, arrived at the In-N-Out Burger located at 1364 Holiday Lane, Fairfield, California. At the time they arrived, there were a number of young African-American high school students at the restaurant.  Unbeknownst to Plaintiffs, the manager of the In-N-Out Burger, Mr. Young, had called the Fairfield Police Department shortly before they had arrived to report a disturbance allegedly caused by the first group of African-Americans.

19.      When Plaintiffs arrived, two members of their group spoke briefly to a few individuals in the first group who they knew.  At 12:56 a.m., Plaintiffs sat down at a table near one of the entrances to the restaurant while two members of their group went to the counter to order food.  At 12:59 a.m., a number of officers from the Fairfield Police Department arrived at the restaurant.  At the same time, most of the first group left the restaurant, leaving only a few tables occupied and the restaurant virtually empty.

20.      Immediately after the officers arrived, Officers McDowell, Grimm, Shackford, Sandoval, and Mr. Young approached Plaintiffs at the table where they were sitting, and Mr. Young told them that they had to "order or leave."  Perplexed as to why they were being told to "order or leave," one of the members of the group who was with our clients attempted to explain to Mr. Young that they had just arrived a few minutes earlier, that members of their group were ordering, and requested an explanation as to why they were being told to "order or leave."  No explanation was provided by Mr. Young.  Instead, the officers, without making any inquiries of Plaintiffs or any of the other patrons at the restaurant as to whether Plaintiffs had been causing a disturbance, repeated Mr. Young's order that they "order or leave."

21.      At 1:00 a.m., within a minute of being approached by the officers and Mr. Young, Plaintiffs got up from their chairs and began to walk toward the door.  As they got up, one of the members of the group who was with our clients said that she was going to place an order.  As she stepped toward the counter, however, an officer grabbed her arm and shoved her toward the door.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607     -4036

1  Ordering, apparently, was no longer an option, and Mr. Young did nothing in response.  By 1:01

2  a.m., Plaintiffs had left the In-N-Out Burger.  All of this was captured on the restaurant's video

3  camera.

4        22.    After they left the In-N-Out Burger, Plaintiffs intended to wait in the parking lot

5  for the two other members of their group who were ordering, one of whom was the driver of the

6  car.  The officers, however, followed them out.  While in the parking lot, the officers surrounded

7  Plaintiffs and told them that they had to leave the parking lot.  When Plaintiffs explained that they

8  were waiting for two other members of their group who were ordering, and that one of them was

9  the driver, the officers told Plaintiffs that they would have to leave by foot.  Plaintiffs pled with

10  the officers asking that they not be required to leave on foot, that it was past 1:00 a.m. in the

11  morning, that they did not know how safe the area was, that they were miles away from home,

12  and that they were concerned for their safety.  One of the officers callously stated in response

13  "that will be our responsibility."  The area in which the In-N-Out Burger is located was in fact

14  known by the Fairfield Police Department to be a high crime area known for drug dealing and

15  prostitution.

16        23.    Plaintiffs, who had no idea what was prompting In-N-Out Burger and the officers

17  to act the way they were, and were given no explanation by either In-N-Out Burger of the officers

18  as to why they were being told to leave the restaurant and then the parking lot, began to worry

19  that they were being racially targeted and that something terrible was going to happen.  Sanders,

20  worried for her safety, called her father and asked him to come get her because "it might be a

21  racist situation."  The officers became visibly agitated and one of the officers said words to the

22  effect of "hey, no dad on the phone."

23        24.    One of the members of the group who was sitting in the rear left passenger seat of

24  the car waiting for the driver to return, told the officers "we don't have anywhere to go" and

25  asked "where are we going to go?," and proceeded to call her boyfriend on her cell phone.

26  Officer McDowell, who was standing next to the car, then reached into the car, grabbed her and

27  yanked her out, and then slammed her against the left rear side of the car where he handcuffed

28  her.

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607   -4036*

016366.0001\1369917.1

25.     At the same time, Sanders, who had turned when she saw her friend being pulled from the car, was suddenly grabbed by Sergeant Crane who flung her approximately six or seven feet into the right rear of the car where her face hit the car's antenna and broke it.  Sergeant Crane then swung her into the rear of the car, grabbed her hair, and slammed her head down onto the trunk of the car and handcuffed her.  Sanders began to cry.

26.      As this was taking place, a female Caucasian customer from the restaurant ran out and yelled at the police while her male Caucasian friend used his phone to videotape the incident. One of the officers turned to the female, pulled out his taser gun and pointed it at her head, and told her to stand back.  The video taken by the male was later posted on Youtube.com at http://www.youtube.com/watch?v=-eLLQpCCICA.

27.     Officer Grimm then grabbed Rankin's arms and handcuffed her.

28.     Hall, who was standing in the middle of the parking lot while this took place, and having witnessed his friend and Sanders being thrown against the side of the car, began to walk toward the street fronting the parking lot so as not to get arrested.  While he was walking toward the curb, he attempted to call one of the group's mothers to tell her about the arrest.  As he was walking toward the curb, a police transport van entered the parking lot and almost hit him. Officer Sandoval then grabbed him, threw him to the ground, put his knee on his neck and back, and handcuffed him.  Hall told Officer Sandoval that he had asthma.

29.     The officers had no probable cause to arrest Plaintiffs and did not inform Plaintiffs that they were being placed under arrest before being handcuffed.  Moreover, although there was no probable cause to arrest Plaintiffs and the officers had not informed Plaintiffs that they were being placed under arrest, Plaintiffs were charged with resisting arrest, which did not occur.  The officers' use of force was also excessive.  Plaintiffs are informed and believe that the officers arrested them and charged them with resisting arrest in order to intimidate and punish them by placing them into custody and in the city jail.

30.     Although Plaintiffs had already been arrested, the officers entered the restaurant and had Mr. Young file a citizen's arrest complaint against Plaintiffs even though Mr. Young was not present in the parking lot and no felony had taken place.  By filing the citizen's arrest

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607     -4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607    -4036

1  complaint, Mr. Young and In-N-Out Burger were acting under color of law, and in conspiracy

2  with the City of Fairfield officers who knew that Mr. Young was not present in the parking lot

3  and had no factual or legal basis for bringing a citizen's arrest.  The police then searched the car

4  and also looked through one of the cell phones.  The keys to the car and the cell phone were not

5  booked into evidence.  Plaintiffs, who were placed into the police transport van, were taken off-

6  site where they waited for approximately 20 minutes while the officers talked amongst

7  themselves before being taken out one by one, photographed and questioned before being brought

8  to jail.

9  31.  The police report contains a number of false statements including that Plaintiffs

10  "resisted officers by being combative and delay[ed] officers in performance of duties", that

11  Plaintiffs "pulled away" when being arrested, that "obviously there was a disruption taking place

12  at the business", that "Plaintiffs were being disruptive", that Plaintiffs "began attempting to

13  intervene . . and several of them began to walk towards me", and that a "large crowd . . . was

14  gathering at the In 'N Out Burger."

15  32.  On December 9, 2009, Plaintiffs filed a Tort Claim Act claim with the City of

16  Fairfield pursuant to Government Code sections 910 *et seq*.  The City rejected the claim by

17  operation of law, and this action was timely filed thereafter.  The City of Fairfield, and In-N-Out

18  Burger, are liable for the acts of their employees, which were taken within the scope of their

19  employment pursuant to Government Code section 815.2.

20  **FIRST CLAIM FOR RELIEF**
**Violation of 42 USC §1983**
21  (Against All Defendants)

22  33.  Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as

23  through fully set forth herein.

24  34.  Defendants, acting under color of law and in conspiracy with one another,

25  deprived Plaintiffs of their rights, privileges, and/or immunities secured by the United States

26  Constitution and federal law by:

27  (a)  Falsely arresting Plaintiffs without probable cause in violation of their

28  rights under the First, Fourth and Fourteenth Amendments of the United States Constitution

1        (b)      Using excessive force against Plaintiffs in violation of their rights under the

2  Fourth Amendment of the United States Constitution.

3        (c)      Illegally searching the car and cell phone in violation of their rights under

4  the Fourth and Fourteenth Amendments of the United States Constitution.

5        (d)      Failing to act to prevent the false arrest of and use of excessive force

6  against Plaintiffs in violation of their rights under the Fourth and Fourteenth Amendments of the

7  United States Constitution.

8        (e)      Filing a citizen's arrest complaint against Plaintiffs without probable cause

9  in violation of their rights under the First, Fourth and Fourteenth Amendments of the United

10  States Constitution.

11        (f)      Preparing a false report in violation of Plaintiffs' rights under the Fourth

12  and Fourteenth Amendments of the United States Constitution.

13      35.     Plaintiffs are informed and believe that the acts and omissions of Defendant

14  officers were pursuant to an official policy or longstanding practice or custom of Defendant City

15  of Fairfield.

16      36.     As a proximate result of Defendants' wrongful acts, Plaintiffs have sustained, and

17  will continue to sustain, compensable injuries.

18      37.     Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious

19  thereby entitling Plaintiffs to punitive damages against all defendants save and except for the City

20  of Fairfield.

21      38.     As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered

22  humiliation, mental anguish, and emotional and physical distress.

23      WHEREFORE, Plaintiffs pray for the relief set forth below.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607   -4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607    -4036

1

**SECOND CLAIM FOR RELIEF**
**Violation of California Civil Code §51.7**

2

(Against all Defendants)

3        39.      Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as

4    through fully set forth herein.

5        40.      Defendants' wrongful acts violated Plaintiffs' right to be free from violence, and

6    intimidation by threat of violence, committed against their person because of their race.

7        41.      As a proximate result of Defendants' wrongful acts, Plaintiffs have sustained, and

8    will continue to sustain, compensable injuries.

9        42.      Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious

10    thereby entitling Plaintiffs to punitive damages.

11        43.      As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered

12    humiliation, mental anguish, and emotional and physical distress.

13        44.      Pursuant to California Civil Code section 52(b), Defendants are liable for

14    Plaintiffs' general damages, special damages, emotional distress, punitive damages, civil

15    penalties of $25,000, reasonable attorneys' fees and punitive damages against all defendants save

16    and except for the City of Fairfield.

17        WHEREFORE, Plaintiffs pray for the relief set forth below.

18

**THIRD CLAIM FOR RELIEF**
**Violation of California Civil Code §52.1**

19

(Against all Defendants)

20        45.      Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as

21    though fully set forth herein.

22        46.      By their wrongful acts, Defendants interfered, by threats, intimidation, or coercion,

23    with Plaintiffs' exercise and enjoyment of their rights secured by the United States Constitution

24    and the California Constitution.

25        47.      As a proximate result of Defendants' wrongful acts, Plaintiffs have sustained, and

26    will continue to sustain, compensable injuries.

27    / / /

28    / / /

48.     Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious thereby entitling Plaintiffs to punitive damages against all defendants save and except for the City of Fairfield.

49.     As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered humiliation, mental anguish, and emotional and physical distress.

50.     Pursuant to California Civil Code section 51.7, Defendants are liable for Plaintiffs' general damages, special damages, emotional distress, injunctive relief, reasonable attorneys' fees and punitive damages against all defendants save and except for the City of Fairfield.

WHEREFORE, Plaintiffs pray for the relief set forth below.

### FOURTH CLAIM FOR RELIEF
**False Arrest**
(Against All Defendants)

51.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as though fully set forth herein.

52.     Defendant officers, in the course and scope of their employment with Defendant City of Fairfield, arrested Plaintiffs without a warrant and without probable cause.  As a result, Plaintiffs were harmed, and Defendant officers' conduct was a substantial factor in causing Plaintiffs' harm.

53.     Defendant Young, in the course and scope of his duties as a manager of Defendant In-N-Out Burger, intentionally caused Plaintiffs to be arrested without a warrant and without probable cause.  As a result, Plaintiffs were harmed, and Defendant Young's conduct was a substantial factor in causing Plaintiffs' harm.

54.     Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious thereby entitling Plaintiffs to punitive damages against all defendants save and except for the City of Fairfield.

55.     As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered humiliation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiffs pray for the relief set forth below.

/ / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607    -4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607    -4036

## FIFTH CLAIM FOR RELIEF
### Battery
(Against Defendants City of Fairfield, McDowell, Grimm, Shackford, Sandoval, Crane)

56.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as though fully set forth herein.

57.     Defendant officers, in the course and scope of their employment with Defendant City of Fairfield, intentionally touched Plaintiffs when they placed them under arrest.  Defendant officers used unreasonable force to arrest Plaintiffs and Plaintiffs did not consent to that use of force.  As a result, Plaintiffs were harmed, and Defendant officers' use of unreasonable force was a substantial factor in causing Plaintiffs' harm.

58.     Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious thereby entitling Plaintiffs to punitive damages against all defendants save and except for the City of Fairfield.

59.     As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered humiliation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiffs pray for the relief set forth below.

## SIXTH CLAIM FOR RELIEF
### Negligence
(Against Defendants In-N-Out Burgers and Young)

60.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as though fully set forth herein.

61.     Defendants In-N-Out Burger and Young owed a duty to exercise reasonable care to Plaintiffs when Mr. Young filed his citizen's arrest. Defendants In-N-Out Burgers and Young breached said duty by failing to ascertain whether probable cause existed to file a citizen's arrest complaint or whether as a matter of law a citizen's arrest complaint could even be filed.  As a result, Plaintiffs were damaged as a proximate result of Defendants' breaches.

62.     As a proximate result of Defendants' wrongful acts, Plaintiffs have suffered humiliation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiffs pray for the relief set forth below.

/ / /

### SEVENTH CLAIM FOR RELIEF
#### Intentional Infliction of Emotional Distress
(Against all Defendants)

63.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as though fully set forth herein.

64.     Defendants' wrongful acts were outrageous, and were done with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the conduct occurred.  As a result, Plaintiffs have suffered severe emotional distress, and Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

65.     Defendants' wrongful acts were willful, oppressive, fraudulent and/or malicious thereby entitling Plaintiffs to punitive damages against all defendants save and except for the City of Fairfield.

WHEREFORE, Plaintiffs pray for the relief set forth below.

### DEMAND FOR JURY TRIAL

66.     Plaintiffs demand a jury trial in this action.

### PRAYER

Plaintiffs pray for judgment as follows:

#### First Claim for Relief

1.     For general and special damages in an amount to be proven at trial;

2.     For punitive damages against all defendants save and except for the City of Fairfield.

3.     For damages to compensate Plaintiffs for their emotional distress;

4.     For reasonable attorneys' fees and costs; and

5.     For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607   -4036

**Second Claim for Relief**

1.     For general and special damages in an amount to be proven at trial;

2.     For punitive damages against all defendants save and except for the City of Fairfield.

3.     For damages to compensate Plaintiffs for their emotional distress;

4.     For civil penalties according to statute;

5.     For reasonable attorneys' fees and costs; and

6.     For such other and further relief as the Court deems just and proper.

**Third Claim for Relief**

1.     For general and special damages in an amount to be proven at trial;

2.     For punitive damages against all defendants save and except for the City of Fairfield;

3.     For damages to compensate Plaintiffs for their emotional distress;

4.     For reasonable attorneys' fees and costs;

5.     For an injunction against In-N-Out Burger requiring that In-N-Out Burger train its employees to properly and adequately investigate any incident before filing a citizen's arrests complaint;

6.     For such other and further relief as the Court deems just and proper.

**Fourth Claim for Relief**

1.     For general and special damages in an amount to be proven at trial;

2.     For punitive damages against all defendants save and except for the City of Fairfield;

3.     For damages to compensate Plaintiffs for their emotional distress;

4.     For such other and further relief as the Court deems just and proper.

**Fifth Claim for Relief**

1.     For general and special damages in an amount to be proven at trial;

2.     For punitive damages against all defendants save and except for the City of Fairfield.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607   -4036

3.    For damages to compensate Plaintiffs for their emotional distress;

4.    For such other and further relief as the Court deems just and proper.

**Sixth Claim for Relief**

1.    For general and special damages in an amount to be proven at trial;

2.    For punitive damages against all defendants save and except for the City of Fairfield.

3.    For damages to compensate Plaintiffs for their emotional distress;

4    For such other and further relief as the Court deems just and proper.

**Seventh Claim for Relief**

1.    For general damages in an amount to be proven at trial;

2.    For punitive damages against all defendants save and except for the City of Fairfield;

3.    For such other and further relief as the Court deems just and proper.


Dated: March 2, 2010                    **WENDEL, ROSEN, BLACK & DEAN LLP**




                                        By:___/s/ Edwin J. Wilson, Jr._____
                                           Edwin J. Wilson, Jr.
                                           Attorneys for Plaintiffs MARKUS M.
                                           HALL, MONIQUE G. RANKIN, and
                                           LINDSEY SANDERS

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607   -4036