1  John Mark Jennings – Bar No. 192641
   **SHULMAN HODGES & BASTIAN LLP**
2  8105 Irvine Center Drive, Suite 600
   Irvine, California 92618
3  Telephone: (949) 340-3400
   Facsimile: (949) 340-3400
4  Email:     jjennings@shbllp.com

5  Attorneys for Defendants
   In-N-Out Burger and Marc L. Young

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MARKUS M. HALL, an individual; MONIQUE G. RANKIN, an individual; and LINDSEY K. SANDERS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FAIRFIELD, a California municipal corporation; OFFICER NICK McDOWELL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER CHRIS GRIMM, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER TOM SHACKFORD, individually and in his capacity as a policy officer with the CITY OF FAIRFIELD; OFFICER ZACK SANDOVAL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; SERGEANT STEVE CRANE, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; IN-N-OUT BURGER, a California corporation; MARC L. YOUNG, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | No. 10-CV-00508 GEB (DAD) <br><br> Judge: Hon. Garland E. Burrell, Jr. <br><br> **NOTICE OF MOTION AND MOTION BY DEFENDANTS' IN-N-OUT BURGER AND MARC L. YOUNG TO APPROVE STIPULATION RE GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 877 and 877.6** <br><br> **Hearing:** <br><br> Date:      August 26, 2011 <br> Time:      9:00 a.m. <br> Courtroom: 10 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that on August 26, 2011 at 9:00 a.m. in courtroom 10, at the above-entitled Court located at 501 I Street, #4-200, Sacramento, California, Defendants In-N-Out Burger and Marc L. Young (collectively "In-N-Out"), will move this Court to approve the Stipulation re Good Faith Settlement pursuant to California Code of Civil Procedure Sections 877 and 877.6. This Motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities, the pleadings, and upon such oral arguments as may be presented at the time of the hearing.

 **PLEASE TAKE FURTHER NOTICE** that opposition papers to the Motion, if any, must be filed no later than fourteen (14) days prior to the hearing date set forth above with the Clerk of the above Court and a copy served upon John Mark Jennings of Shulman Hodges & Bastian LLP, 8105 Irvine Center Drive, Suite 600, Irvine, California 92618.

          **SHULMAN HODGES & BASTIAN LLP**

Dated: July 29, 2011    By: _____
             John Mark Jennings
             Attorneys for Defendants In-N-Out Burgers
             and Marc Young

SHULMAN HODGES & BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, California 92618

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF SETTLEMENT

In-N-Out and Mr. Young have entered into a settlement agreement with Plaintiffs resolving all issues between them. That settlement is contingent upon this Court finding that the settlement is made in "good faith" within the meaning of California Code of Civil Procedure Section 877. All parties to this action have stipulated to the Court making that finding and their assent is evidenced by their signatures below.

The terms of the settlement have been reduced to writing in a Settlement Agreement and Mutual General Release a true and correct copy of which is attached hereto as Exhibit "1." In sum, the settlement provides that In-N-Out and Mr. Young will cause to be paid to Plaintiffs the amount of One Hundred Eighty Thousand Dollars ($180,000.00) as a full and final resolution of all claims arising out of or relating to the allegations by Plaintiffs in this action including a mutual general release and a waiver of California Civil Code Section 1542.

## II. CALIFORNIA LAW AUTHORIZES THIS COURT TO MAKE A DETERMINATION THAT THE SETTLEMENT IS IN "GOOD FAITH"

California law provides that a party may settle with one of several joint tortfeasors without releasing the others. Specifically, California Code of Civil Procedure § 877 provides in pertinent part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:

> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.
>
> (c) This section shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves.

Where a settlement is found to be in "good faith," California law provides that the settlement discharges the settling tortfeasor from liability to other joint tortfeasors for equitable contribution or comparative indemnity. California Code of Civil Procedure § 877.6 provides in pertinent part:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005. Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue to be made before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.
>
> ***

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Here, all parties have stipulated to the Court entering an order finding that the settlement is in "good faith" and that it meets the standards under California Code of Civil Procedure Sections 877and 877.6. This Court is empowered to determine the "good faith" of "piecemeal" settlements. *Bay Development Ltd. v. Superior Court*, 50 Cal.3d 1012 (1990); *see also*, California Code of Civil Procedure § 877.6. These authorities provide a "defensive" procedure by which a party may bar actions for equitable indemnity by joint tortfeasors. *Heppler v. J.M. Peters Co., Inc.*, 73 Cal.App.4th 1265 (1999). The effect of a "good faith" determination under California Code of Civil Procedure Section 877.6 is that non-settling defendants are barred from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity. California Code of Civil Procedure § 877.6(c); *see also*, *Wilshire Ins. Co. v. Tuff Boy Holding, Inc.*, 86 Cal.App.4th 627 (2001).

A.   <u>The "Good-Faith Settlement" Provisions Of Sections 877 and 877.6 Are Applicable To Federal Actions</u>

It is well settled that California Code of Civil Procedure Section 877 is based on the Uniform Contribution Among Tortfeasors Act of 1955. *Federal Savings and Loan Insurance Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990). In *Butler*, the Ninth Circuit has also held that the provisions of Section 877 are applicable to federal court actions. *Id.*; *Slottow v. American Casualty Co. of Reading, Pennsylvania*, 10 F.3d 1355 (9th Cir. 1993)(*en banc*); *Spectra-Physics, Inc. v. Chase*

*Manhattan Bank, et al*, 654 F. Supp. 311, 313 (N.D. Cal. 1987). The *Butler* court further held that the "substantive provisions of California law . . . are applicable (in this case section 877)" when determining whether a party has entered into a settlement governed by California law in good faith. *Butler*, 904 F.2d at 511. In *Butler*, the court also held that the procedural provisions of Section 877.6 do not govern a federal action, but that a federal court has the discretion to conduct a hearing pursuant to that section should it find it useful to do so. *Butler*, 904 F.2d at 511.

With respect to the application of § 877.6 in federal actions, the Ninth Circuit stated that while its procedural provisions do not govern a federal action, a federal court has the discretion to grant "a motion for an early determination of the good faith question." *Butler*, 904 F.2d at 511. In fact, the *Butler* court stated that "it makes eminent good sense to do so." *Id*.

As such, the parties to this litigation respectfully submits that this Court is authorized to make a good faith settlement determination pursuant to California Code of Civil Procedure Sections 877 and 877.6.

**B.    Factors for Determining "Good-Faith" Under CCP § 877.6**

In *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985), the California Supreme Court set forth the well-established standards for determining "good faith" under California Code of Civil Procedure § 877.6. Specifically, the *Tech-Bilt* court stated in pertinent part:

> [T]he intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he

would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests nonsettling defendants. Finally, practical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement.

*Id.* at 499.

Here, a review of the factors set forth by the California Supreme Court demonstrates that the settlement between Plaintiffs, on the one hand, and In-N-Out Burger and Mr. Young, on the other hand, is reasonable and is in "good faith" as that term is defined in Section 877.6:

### 1. The Parties' Proportionate Liability

Plaintiffs contend that In-N-Out Burger and Mr. Young are liable for damages sustained as a result of a wrongful citizen's arrest which resulted in a violation of their civil rights. While the settlement provides that there is no admission of liability intended or to be inferred from the agreement, the settlement is intended to represent at least the amount of liability that In-N-Out Burger and Mr. Young could expect to face if they were forced to go to trial. As a result of the evidence in this case, the parties believe that the $180,000.00 settlement is fair and reasonable under the circumstances. Since this motion is presented with the stipulation of all the parties to this litigation, a detailed recitation of factual issues supporting In-N-Out Burger and Mr. Young's proportionate share of liability has been omitted.

### 2. The Amount Paid in Settlement

The amount being paid on behalf of In-N-Out Burger and Mr. Young to the Plaintiffs is $180,000.00. This is a substantial payment on the claims against In-N-

Out Burger and Mr. Young and could in no way be characterized as insufficient or as not providing significant value to the Plaintiffs.

### 3. The Allocation of Proceeds Among Plaintiffs

In-N-Out Burger and Plaintiffs have agreed to divide the settlement payment as follows:

|  | Economic | Non-Economic | Subtotal |
|---|---|---|---|
| Markus Hall | $20,195.49 | $25,485.76 | $45,681.25 |
| Monique Rankin | $42,366.49 | $25,485.76 | $67,852.25 |
| Lindsey Sanders | $32,485.49 | $33,981.01 | $66,466.50 |
| **Total** | | | **$180,000.00** |

### 4. In-N-Out and Mr. Young Are Paying Less than They Would After Trial

Plaintiffs contend that In-N-Out Burger and Mr. Young are liable for some portion of the their damages and that if this action were to proceed through trial that they would seeking a judgment against In-N-Out Burger and Mr. Young well in excess of the settlement payment. For that reason and the anticipated extraordinarily high cost of defending a federal civil rights case, In-N-Out and Mr. Young elected to resolve this matter by way of settlement. It is anticipated that the fees and costs alone could exceed the amount of the settlement payment.

### 5. Insurance

The settlement was reached in cooperation with the insurance carriers for In-N-Out Burger and Mr. Young which have agreed to contribute to the settlement.

### 6. Evidence of Fraud or Collusion.

There is no evidence of any bad faith, collusion or fraud on the part of Plaintiffs, In-N-Out Burger or Mr. Young. To the contrary, the Settlement was reached as a result of negotiations between counsel for the parties and there are no other obligations or duties other than those set forth in the Agreement.

As the above analysis demonstrates, the settlement meets all of the criteria and factors set forth by the California Supreme Court in *Tech-Bilt*. It follows that the Settlement is both reasonable and in good faith under Section 877.6. Therefore, the parties requests that this Court enter an Order finding that the Settlement was entered into in good faith and approving the Settlement pursuant to California Code of Civil Procedure Section 877.6.

SHULMAN HODGES & BASTIAN LLP

Dated: July 29, 2011    By: _____
John Mark Jennings
Attorneys for Defendants In-N-Out Burgers
and Marc Young

The following parties stipulate to the relief requested above:

WENDEL, ROSEN, BLACK & DEAN LLP

Dated: July 28, 2011    By: _____
Edwin J. Wilson, Jr.
Garret D. Murai
Attorneys for Plaintiffs

MEYERS, NAVE, RIBACK, SILVER & WILSON

Dated: _____, 2011    By: _____
Kimberly E. Colwell
Kevin E. Gilbert
Attorneys for Defendants City of Fairfield,
Chris Grimm, Nick McDowell, Steve Crane
and Tom Shackford

As the above analysis demonstrates, the settlement meets all of the criteria and factors set forth by the California Supreme Court in *Tech-Bilt*. It follows that the Settlement is both reasonable and in good faith under Section 877.6. Therefore, the parties requests that this Court enter an Order finding that the Settlement was entered into in good faith and approving the Settlement pursuant to California Code of Civil Procedure Section 877.6.

SHULMAN HODGES & BASTIAN LLP

Dated: _____, 2011    By: _____
                              John Mark Jennings
                              Attorneys for Defendants In-N-Out Burgers
                              and Marc Young

The following parties stipulate to the relief requested above:

WENDEL, ROSEN, BLACK & DEAN LLP

Dated: July 28, 2011    By: _____
                            Edwin J. Wilson, Jr.
                            Garret D. Murai
                            Attorneys for Plaintiffs

MEYERS, NAVE, RIBACK, SILVER & WILSON

Dated: 7/25, 2011    By: _____
                         Kimberly E. Colwell
                         Kevin E. Gilbert
                         Attorneys for Defendants City of Fairfield, Chris Grimm, Nick McDowell, Steve Crane and Tom Shackford

8105 Irvine Center Drive
Suite 600
Irvine, California 92618

- 9 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 8105 Irvine Center Drive, Suite 600, Irvine, California 92618.

On July 29, 2011, I served the documents named below on the parties in this Action as follows:

| | |
|---|---|
| DOCUMENT(S) SERVED: | **NOTICE OF MOTION AND MOTION BY DEFENDANTS' IN-N-OUT BURGER AND MARC L. YOUNG TO APPROVE STIPULATION RE GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 877 and 877.6** |
| SERVED UPON: | **SEE THE ATTACHED SERVICE LIST** |

**[ x ]   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) the foregoing document(s) will be served by the court via NEF and hyperlink to the document. On **July 29, 2011** I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Kimberly E. Colwell**
  kcolwell@meyersnave.com,calendardept@meyersnave.com,sreusswig@meyersnave.com,elabella@meyersnave.com
- **Kevin E. Gilbert**
  kgilbert@meyersnave.com,calendardept@meyersnave.com,sreusswig@meyersnave.com,elabella@meyersnave.com
- **Garret D. Murai**
  gmurai@wendel.com
- **Edwin J. Wilson , Jr**
  ewilson@wendel.com,jmcgreevy@wendel.com

**[X]   (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2011, at Irvine, California.

/s/ *Melanie Rodgers*
Melanie Rodgers

SHULMAN HODGES & BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, California 92618

- 10 -

## SERVICE LIST

**County for Defendants City of Fairfield, Chris Grimm, Nick Mcdowell, Steve Crane and Tom Shackford**
Kimberly E. Colwell
Meyers, Nave, Riback, Silver & Wilson
555 12th Street
Suite 1500
Oakland, CA 94607
510-808-2000
510-444-1108 (fax)
kcolwell@meyersnave.com

**Counsel for Plaintiffs Lindsey K. Sanders, Markus M. Hall and Monique G. Rankin:**
Garret D. Murai
Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607
510-834-6600-427
510-834-1928 (fax)
gmurai@wendel.com