IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS M. HALL, an individual; MONIQUE G. RANKIN, an individual; and LINDSEY K. SANDERS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF FAIRFIELD, a California municipal corporation; OFFICER NICK McDOWELL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER CHRIS GRIMM, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER TOM SHACKFORD, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER ZACK SANDOVAL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; SERGEANT STEVE CRANE, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; IN-N-OUT BURGER, a California corporation; and MARC L. YOUNG, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants.<br>_____ | 2:10-cv-00508-GEB-DAD<br><br>ORDER |

　　　Plaintiffs submitted to chambers via an email to the Courtroom Deputy, for an *in camera* consideration, a "Request to Seal Documents" and the documents Plaintiffs seek to have sealed. Plaintiffs state this

1

1 sealing request is made in connection with their motion for summary
2 adjudication of issues.
3    Since it is evident that Plaintiffs' "Request to Seal
4 Documents" should have been filed on the public docket, the Clerk of the
5 Court shall file Plaintiffs' "Request to Seal Documents" on the public
6 docket.
7    Plaintiffs indicate their authority justifying sealing the
8 other documents is a "Stipulation and Order to Protect Confidential
9 Information" ("Stipulation"), filed in this action as Docket Number 35
10 on March 22, 2011. However, this authority has not been shown sufficient
11 to justify the sealing request; therefore, the request is denied.
12    In light of this ruling, the referenced documents are not part
13 of the court docketing system. See United States v. Baez-Alcaino, 718 F.
14 Supp. 1503, 1507 (M.D. Fla. 1989) (explaining that when a judge decides
15 *in camera* that the movant for a sealing order fails to justify a sealing
16 request, the documents are returned to the movant so that the movant can
17 decide what, if any, action should be taken to have the documents
18 included in the court's docketing system).

Dated:  September 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge