IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS M. HALL, an individual; MONIQUE G. RANKIN, an individual; and LINDSEY K. SANDERS, an individual,<br><br>             Plaintiffs,<br><br>    v.<br><br>CITY OF FAIRFIELD, a California municipal corporation; OFFICER NICK McDOWELL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER CHRIS GRIMM, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER TOM SHACKFORD, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; OFFICER ZACK SANDOVAL, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; SERGEANT STEVE CRANE, individually and in his capacity as a police officer with the CITY OF FAIRFIELD; IN-N-OUT BURGER, a California corporation; and MARC L. YOUNG, an individual; and DOES 1 through 50, inclusive,<br><br>             Defendants. | 2:10-cv-00508-GEB-DAD<br><br>ORDER GRANTING DEFENDANTS IN-N-OUT BURGER AND MARC L. YOUNG'S MOTION TO FIND GOOD FAITH SETTLEMENT AGREEMENT[*] |

Defendants In-N-Out Burger and Marc L. Young (the "settling defendants") seek a judicial declaration of good faith settlement under

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

California Code of Civil Procedure sections 877 and 877.6. (ECF No. 39.) The settlement agreement is filed as Docket Number 39-1. "[A]ll parties [to this action] have stipulated to the Court entering an order finding that the settlement is in 'good faith' and that it meets the standards under California Code of Civil Procedure Sections 877 and 877.6." (Mot. 5:7-9.)

Section 877.6 of the California Code of Civil Procedure prescribes:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Code Civ. P. § 877.6(c). Whether a settlement is made in "good faith" within the meaning of section 877.6 is determined based on the factors identified by the California Supreme Court in <u>Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.</u>, 38 Cal. 3d 488 (1985), including: (i) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (ii) the amount paid in settlement; (iii) the allocation of settlement proceeds among plaintiffs; (iv) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (v) the financial conditions and insurance policy limits of settling defendants; and (vi) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. <u>Id.</u> at 499.

The settling defendants have entered into a settlement agreement with Plaintiffs which "provides that In-N-Out and Mr. Young will cause to be paid to Plaintiff the amount of One Hundred Eighty Thousand Dollars ($180,000.00) as a full and final resolution of all

claims arising out of or relating to the allegations by Plaintiffs in this action[.]" (Mot. 3:11-14.) "Plaintiffs contend that [the settling defendants] are liable for damages sustained as a result of a wrongful citizen's arrest which resulted in a violation of their civil rights" and "[a]s a result of the evidence in this case, the parties believe that the $180,000.00 settlement is fair and reasonable under the circumstances." Id. 7:14-16, 19-21.

"The first [Tech-Bilt] factor, an approximation of recovery and potential liability, is the most important." AmeriPride Serv., Inc. v. Valley Indust. Serv., Inc., Nos. CIV. S-00-113-LKK JFM, S-04-1494-LKK/JFM, 2007 WL 1946635, at *3 (E.D. Cal. July 2, 2007). "The settlement amount need only be 'in the ballpark' [to satisfy this factor], with any party challenging a settlement having the burden of establishing that it is so far out of the ballpark that the equitable objectives of section 877 are not satisfied." Id. Here, the settlement agreement is within the "ballpark" of a "rough approximation" of the Plaintiffs' total recovery and the settling defendants' proportionate liability. Further, there is no evidence that the settling parties engaged in collusion, fraud, or other conduct seeking to impose an undue share of liability on the non-settling parties. Accordingly, the settlement agreement qualifies as a good faith settlement within the meaning of section 877.6. Therefore, the settling defendants' motion is GRANTED.

Dated: September 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3