IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders,         Plaintiffs, <br>    v. <br>City of Fairfield, Nick McDowell, Chris Grimm, Tom Shackford, Zack Sandoval, Steve Crane, <br>        Defendants. | 2:10-cv-0508-GEB-DAD <br><br> <u>ORDER DENYING DEFENDANTS' MOTION TO SUPPLEMENT EXPERT WITNESS DISCLOSURE</u> |

        Defendants move for an order "authoriz[ing] the disclosure of a supplemental expert witness" in this case. (Mot. 2:4-5, ECF No. 68.) Defendants seek in this motion to "amend[] the prior Pretrial Order and allow both parties to disclose video experts, with the supplemental disclosures to be completed approximately thirty days following the Court's granting of Defendants' motion and both parties allowed the opportunity to provide rebuttal experts approximately thirty days thereafter." (Mot. 4:15-19.) A pretrial scheduling order issued on June 22, 2010, scheduling April 21, 2011 as the deadline for disclosure of expert witnesses and September 21, 2011 as the discovery completion date. (ECF No. 16.)

        However, the pretrial scheduling order may only be modified if the movant for modification shows that "good cause," prescribed in

Federal Rule of Civil Procedure 16(b)(4), justifies the modification. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). "If [the moving party] was not diligent, the inquiry should end." Id.

Defendants make the conclusory argument that they "have shown good cause through their diligent prosecuting of discovery and their extensive attempts to locate and depose [the YouTube video author] long prior to the discovery cut-off running." (Mot. 4:13-14.) However, Defendants also argue that "the video on YouTube appears to have been heavily edited before being posted. Thus, its authenticity is in question." (Mot. 2:27-28.) Defendants do not explain when they first questioned the video's authenticity; nor whether the video's authenticity should have been questioned earlier during the pendency of the proceeding. Further, at the hearing on the motion, Defendants' counsel admitted that he was unable to provide dates pertinent to the "good cause" inquiry.

Defendants failure to sufficiently explain when they first realized they needed a video expert to challenge the authenticity of the YouTube video, and/or why that need was not realized earlier in the proceeding, does not support their contention that "good cause" justifies the scheduling order amendments they seek. Since Defendants have not shown that "good cause" justifies amending the expert disclosure dates in the scheduling order, Defendants' motion is DENIED.

Dated: December 19, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge