```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders, | ) ) ) | 2:10-cv-0508-GEB-DAD |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | <u>ORDER DENYING DEFENDANTS' MOTION TO SUPPLEMENT EXPERT WITNESS DISCLOSURE</u> |
| City of Fairfield, Nick McDowell, Chris Grimm, Tom Shackford, Zack Sandoval, Steve Crane, | ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

Defendants move for an order "authoriz[ing] the disclosure of a supplemental expert witness" in this case. (Mot. 2:4-5, ECF No. 68.) Defendants seek in this motion to "amend[] the prior Pretrial Order and allow both parties to disclose video experts, with the supplemental disclosures to be completed approximately thirty days following the Court's granting of Defendants' motion and both parties allowed the opportunity to provide rebuttal experts approximately thirty days thereafter." (Mot. 4:15-19.) A pretrial scheduling order issued on June 22, 2010, scheduling April 21, 2011 as the deadline for disclosure of expert witnesses and September 21, 2011 as the discovery completion date. (ECF No. 16.)

However, the pretrial scheduling order may only be modified if the movant for modification shows that "good cause," prescribed in

1  Federal Rule of Civil Procedure 16(b)(4), justifies the modification.
2  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of
3  the party seeking the amendment." Johnson v. Mammoth Recreations, 975
4  F.2d 604, 609 (9th Cir. 1992). "If [the moving party] was not diligent,
5  the inquiry should end." Id.

6  Defendants make the conclusory argument that they "have shown
7  good cause through their diligent prosecuting of discovery and their
8  extensive attempts to locate and depose [the YouTube video author] long
9  prior to the discovery cut-off running." (Mot. 4:13-14.) However,
10 Defendants also argue that "the video on YouTube appears to have been
11 heavily edited before being posted. Thus, its authenticity is in
12 question." (Mot. 2:27-28.) Defendants do not explain when they first
13 questioned the video's authenticity; nor whether the video's
14 authenticity should have been questioned earlier during the pendency of
15 the proceeding. Further, at the hearing on the motion, Defendants'
16 counsel admitted that he was unable to provide dates pertinent to the
17 "good cause" inquiry.

18 Defendants failure to sufficiently explain when they first
19 realized they needed a video expert to challenge the authenticity of the
20 YouTube video, and/or why that need was not realized earlier in the
21 proceeding, does not support their contention that "good cause"
22 justifies the scheduling order amendments they seek. Since Defendants
23 have not shown that "good cause" justifies amending the expert
24 disclosure dates in the scheduling order, Defendants' motion is DENIED.

25 Dated:  December 19, 2011

27 _____
   GARLAND E. BURRELL, JR.
28 United States District Judge

2