IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders,<br><br>  Plaintiffs,<br><br>    v.<br><br>City of Fairfield, Officer Nick McDowell, Officer Chris Grimm, Officer Tom Shackford, Officer Zack Sandoval, and Sergeant Steve Crane,<br><br>  Defendants.<br>_____ | 2:10-cv-00508-GEB-DAD<br><br><u>ORDER RE: DEFENDANTS' OBJECTIONS TO FINAL PRETRIAL ORDER; SUPPLEMENT TO FINAL PRETRIAL ORDER</u>* |

A Final Pretrial Order was filed on March 9, 2012 ("FPO"), which provided the parties an opportunity to "file and serve written objections to any part of the [FPO]." (ECF No. 99, 16:19-21.) Defendants filed an Objection to the FPO on March 15, 2012 ("Objection"), in which they argue certain claims listed in the FPO "have been fully adjudicated as a result of Defendants' prior Motion for Summary Judgment and should not proceed to trial[.]" (ECF No. 100, 2:6-7.) Defendants further argue in the Objection that additional affirmative defenses "remain outstanding" and should be added to those listed in the FPO. <u>Id.</u> at

---

\* The final pretrial conference scheduled for March 26, 2012, is vacated since Defendants' Objections to the Final Pretrial Order and Plaintiffs' response thereto indicate the Final Pretrial Order should become final, as supplemented herein. <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

5:23-24. Plaintiffs filed a Response to Defendants' Objections on March 20, 2012. (ECF No. 103.) Defendants' arguments are addressed in turn.

**A.  Claims**

   **1)  Plaintiff Hall's battery claim against Defendant Sandoval**

Defendants contend Plaintiff Hall's battery claim against Defendant Sandoval should not proceed to trial, arguing: "this Court's prior adjudication that the force employed in arresting Hall was not excessive and did not support a cause of action under 42 U.S.C. Section 1983 . . . necessarily adjudicates the issue of reasonableness" in Hall's "related" battery claim, "thereby requiring [that claim] to also be dismissed." (Defs.' Obj. 2:18-19, 3:5-8.)

Plaintiffs counter, "Defendants have not and cannot cite to anything contained in the Court's order on the parties' cross-motions for summary judgment and summary adjudication which precludes Plaintiff Hall from pursuing his battery claim against Defendant Sandoval." (Pls.' Resp. 2:15-17.) Plaintiffs further rejoin, "while the Court may have determined that Hall's excessive force claim against Sandoval was subject to summary judgment, it did not find that Hall's battery claim against Sandoval was subject to summary judgment, and Defendants' contention otherwise finds absolutely no support in the Court's order." Id. at 3:1-4.

"In a battery action against a police officer," a plaintiff must prove "unreasonable force as an element of the tort." Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998); see also JUDICIAL COUNCIL OF CAL. CIV. JURY INSTR. 1305 (2012). "The test employed under California law to determine if the force used was unreasonable is identical to the test employed under federal law applying Section 1983." Dang v. City of Garden Grove, No. SACV 10-00338 DOC (MILGx), 2011 WL 3419609, at *11

(C.D. Cal. Aug. 2, 2011)(citing Saman v. Robbins, 173 F.3d 1150, 1156 n.6 (9th Cir. 1999)); see also Brown v. Ransweiler, 171 Cal. App. 4th 516, 527 (2009)("Claims that police officers used excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution." (internal quotation marks omitted).).

The Court previously granted partial summary judgment on Hall's Fourth Amendment excessive force claim in favor of Defendants, stating, in relevant part: "Defendant Sandoval's use of a control hold was objectively reasonable[.]" (ECF No. 95, 15:7-8.) The ruling on Hall's federal excessive force claim was premised on Hall's failure to show specific facts demonstrating that Sandoval acted unreasonably. Since "[the Court] h[eld] that [Defendant Sandoval's] force used was not unreasonable [under the 4th Amendment], [Hall's] state law [battery] claim must [also] fail." Johnson v. Cnty. of Los Angeles, 340 F.3d 787, 794 (9th Cir. 2003).

Even though Sandoval failed to move for summary judgment on Hall's state battery claim based on the same summary judgment factual record, the Court finds that Hall is not prejudiced by the sua sponte granting of summary judgment on this claim, since it is based on the same facts involved with Hall's federal excessive force claim, and Hall had the opportunity to respond to Sandoval's objection to inclusion of this claim in the FPO.

For the stated reasons, Defendant Sandoval is granted summary judgment on Plaintiff Hall's battery claim.

**2) Plaintiffs' California Civil Code section 52.1 claims**

Defendants argue Plaintiffs' "claim[s] for relief under [California] Civil Code Section 52.1 fail[] as a matter of law" since "Plaintiffs were not engaged in any protected activities leading up to their arrest[.]" (Defs.' Obj. 3:12-13.) Specifically, Defendants argue in "Plaintiffs' verified responses to discovery[, Plaintiffs] claim they were exercising their constitutionally protected right to be in the In-N-Out Burger Restaurant[; h]owever, there is no right to 'be in the In-N-Out Burger Restaurant.'" Id. at 3:14-16. Defendants also argue, "[t]o the extent Plaintiffs argue [these] claim[s are] predicated upon their race, such claims have already been adjudicated in Defendants' favor." Id. at 3:24-25.

"Plaintiffs counter that "Defendants [are] mak[ing] the very same argument that they made and lost in their summary judgment motion." (Pls.' Resp. 3:6-7.)

Defendants have not shown that Plaintiffs' California Civil Code section 52.1 claims should not proceed to trial. Therefore, Defendants' Objection to inclusion of these claims in the FPO is overruled.

**3) Plaintiffs' state law false arrest claims against Defendants Grimm, Shackford, Sandoval and Crane**

Defendants argue the Court's January 12, 2012, Order Re: Motions for Summary Judgment ("Summary Judgment Order"), which "held that Defendants . . . Grimm, Shackford, Sandoval and . . . Crane's actions in arresting each of the Plaintiffs were 'reasonable' and insufficient to support a claim for false arrest under the more stringent federal standard . . . necessarily precludes the identical state law claims for false arrest." (Defs.' Obj. 4:17-20, 5:7-10.)

4

Plaintiffs counter "Defendants have not and cannot cite to anything contained in the Court's [Summary Judgment Order] which precludes Plaintiffs . . . from pursuing their false arrest claims against Defendant Grimm, Shackford, Sandoval and Crane." (Pls.' Resp. 4:10-13.) Plaintiffs further rejoin, the Court's Summary Judgment Order "*never* stated that Grimm, Shackford, Sandoval and Crane had probable cause to arrest Plaintiffs[;]" rather, the Summary Judgment Order said Defendants "had an 'arguable objective reasonable *belief* that [they] had probable cause.'" (Pls.' Resp. 4:14-17 (quoting Summ. J. Order 11:13-14.)

The Court granted "Defendants Grimm, Sandoval, Shackford and Crane's motion for summary judgment of their affirmative defense of qualified immunity against each Plaintiff's federal unlawful arrest claim[.]" (Summ. J. Order 17:21-26.) However, Defendants have not shown that the Court's adjudication in Defendants' favor on this "federal doctrine" precludes Plaintiffs from proceeding on their state law false arrest claims. See generally Cousins v. Lockyer, 568 F.3d 1063, 1072 (9th Cir. 2009)(stating "qualified immunity is a doctrine of *federal* common law and, as such, has no application to [Plaintiff's] *state* claims, which are subject only to *state* statutory immunities"). Therefore, Defendants' Objection to inclusion of these claims in the FPO is overruled.

**4) Plaintiffs' false arrest claims under federal law against Defendant McDowell and Plaintiffs' false arrest claims under state law against all Defendants**

Defendants also argue "Defendants are immune from Plaintiffs' claims of false arrest" since the "Arrest Report for each Plaintiff's arrest" included a Citizen's Arrest Statement by In-N-Out Manager Marc Young, "which stated the following: 'I hereby arrest the above person on

5

the charge indicated herein and request a peace officer to take him/her into custody.'"  (Defs.' Obj. 5:13-17.)

Plaintiffs rejoin, "[o]nce again, Defendants baldly attempt to re-litigate the very same issues that they made and lost in their summary judgment motion[,]" and nothing in the Summary Judgment Order "precludes Plaintiffs from pursuing their false arrest claims against Defendants." (Pls.' Resp. 5:8-14.)

Defendants have not shown that Plaintiffs' Fourth Amendment unlawful arrest claims against Defendant McDowell or Plaintiffs' state law false arrest claims against all defendants should not be included in the FPO. Therefore, these objections are overruled.

### B. Affirmative Defenses

Defendants argue that in addition to the affirmative defenses listed in the FPO,

> the following affirmative defenses remain outstanding:
>
> 1. [Whether] the use of force [was] reasonable and authorized by California Penal Code Section 835(a)?
>
> 2. [Whether] Penal Code Section 836.5 protect[s] the officers based upon their having reasonable cause to believe the arrests were lawful?
>
> 3. [Whether] Penal Code Sections 837 and/or 847 protect the officers from Plaintiffs' claims as the arrest was pursuant to a citizen's arrest by In-N-Out manager Marc Young?
>
> 4. [Whether] there [is] a right guaranteed by the Constitution to be at the In-N-Out Burger Restaurant as necessary to support Plaintiffs' California Civil Code Section 52.1 cause of action against all Defendants?
>
> 5. [Whether] Plaintiffs [were] comparatively at fault for the incident and/or the resulting damages?

6

1  (Defs.' Obj. 5:23-6:6.)

2  Defendants' above listed second and third proposed additional affirmative defenses will be preserved for trial. However, for the reasons stated below, the remaining proposed additional affirmative defenses are not preserved for trial.

6  Concerning Defendants' first proposed additional affirmative defense, unreasonable force is an element of a battery claim against a police officer. Edson, 63 Cal. App. 4th at 1272; see also JUDICIAL COUNCIL OF CAL. CIV. JURY INSTR. 1305 (2012). Therefore, it is not an "affirmative defense," and is not preserved as such for trial. See Zovkovic v. S. Calif. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); see also J & J Sports Prods., Inc. v. Vizcarra, No. 11-1151 SC, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011)("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claims are not affirmative defenses.").

20  The essence of Defendants' fourth proposed additional affirmative defense concerns whether Plaintiffs have a requisite constitutional or statutory right to prevail on a claim under California Civil Code section 52.1. However, "interfere[nce] with or attempted interfere[nce] with [a] plaintiff's constitutional or statutory right by threatening or committing violent acts" is an element of a section 52.1 claim. Quinn v. Fresno Cnty. Sheriff, No. 1:10-cv-01617-OWW-SMS, 2011 WL 1743746, at *10 (E.D. Cal. May 6, 2011)(citing Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 882 (2007)); see also

Rodriguez v. City of Fresno, --- F. Supp. 2d ----, 2011 WL 1883195, at *13 (E.D. Cal. 2011)("[I]n order to maintain a claim under the Bane Act, the coercive force applied against a plaintiff must result in an interference with a separate constitutional or statutory right. It is not sufficient that the right interfered with is the right to be free of the force or threat of force that was applied."). Accordingly, it is not an affirmative defense and is not preserved as such for trial.

Defendants' fifth proposed additional affirmative defense of comparative fault is not preserved for trial since Plaintiffs do not allege a negligence claim against Defendants, and Defendants have not shown that comparative fault principles apply to Plaintiffs' state law battery and false arrest claims. See Heiner v. Kmart Corp., 84 Cal. App. 4th 335, (2000)(stating, "it is reasonably clear that apportionment of fault for injuries inflicted in the course of an intentional tort—such as the battery in this case—would have been improper"); see also Allen v. Sundean, 137 Cal. App. 3d 216, 226 (1982)(declining to apply "comparative fault principles to the intentional tort of fraudulent concealment" and stating "while there may be sound policy arguments for extending comparative fault principles to intentional tortfeasors, there is as yet no authority to support such an extension").

### C. Trial Exhibits

Defendants filed a Pretrial Disclosure on March 16, 2012, in which Defendants list two anticipated trial exhibits that were not listed in the parties' Amended Joint Pretrial Statement ("AJPS"). This filing was unnecessary. See E.D. Cal. R. 281(d)(stating parties' pretrial statements filed under that Local Rule "satisfy the requirements of Fed. R. Civ. P. 26(a)(3)"). Further, Defendants did not indicate in their Pretrial Disclosure why the two additional anticipated

8

trial exhibits were not contained in the AJPS. However, since Plaintiffs have not objected to the inclusion of these additional documents as trial exhibits, they will be added to the list of exhibits in the FPO.

For the stated reasons, the Final Pretrial Order filed on March 9, 2012, is final, and sections IV and IX(a) are supplemented as follows:

### IV. CLAIMS & AFFIRMATIVE DEFENSES

**A.  Claims**

The following claims are preserved for trial:

1) Plaintiffs allege Fourth Amendment false arrest claims against Defendant McDowell;

2) Plaintiff Sanders alleges a Fourth Amendment excessive force claim against Defendants Crane and Shackford;

3) Plaintiffs allege California Civil Code section 52.1 claims against all defendants;

4) Plaintiffs allege state false arrest claims against all defendants; and

5) Plaintiff Sanders alleges a state battery claim against Defendants Crane and Shackford.

**B.  Affirmative Defenses**

The following affirmative defenses are preserved for trial:

1) Whether Defendants had probable cause to arrest Plaintiffs;

2) Whether Penal Code Section 836.5 immunizes Defendants from Plaintiffs' state law false arrest claims?

3) Whether California Penal Code sections 837 and/or 847 immunize Defendants from Plaintiffs' state law false arrest claims since

each arrest was pursuant to the citizen's arrest made by In-N-Out manager Marc Young; and

        4) Whether qualified immunity shields each defendant from liability on each plaintiff's federal claims.

### IX. EXHIBITS

        A. The parties anticipate offering the exhibits listed in section 11 of the AJPS (ECF No. 98) and Defendants' Pretrial Disclosures (ECF No. 101).

        IT IS SO ORDERED.

Dated: March 23, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge