IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders, | ) ) ) | 2:10-cv-00508-GEB-DAD |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER ON MOTIONS IN LIMINE |
| City of Fairfield, Officer Nick McDowell, Officer Chris Grimm, Officer Tom Shackford, Officer Zack Sandoval, and Sergeant Steve Crane, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The parties move in limine for an order seeking to preclude the admission of certain evidence at trial. Each motion is addressed below.

**A.   Plaintiffs' Motions in Limine**

   **Motion in Limine No. 1**

Plaintiffs seek to exclude "any evidence or testimony that [Defendants] conducted an independent investigation by interviewing other witnesses." (Pls.' Mot. in Limine ("MIL") #1, 2:4-7.) Plaintiffs argue, "Defendants have admitted in their responses to Requests for Admissions that they did not interview any customers or employees at the restaurant other than Mr. Young, who filed the citizen's arrest[;]" therefore "the Court should . . . exclude any evidence or testimony" to the contrary. Id. at 3:4-11.

1

Defendants filed a joint Opposition to Plaintiffs' first, second and ninth motions in limine, arguing:

> [these in limine motions] argue essentially the same thing, exclusion of any testimony or evidence as to the information, knowledge, rationale and reasoning leading to the arrest of Plaintiffs. Not only are Plaintiffs' arguments impermissibly vague, but such arguments are improper and unsupported by any law or statute. Further, the law that Plaintiffs have cited is inapplicable to the current case at issue. Finally, Plaintiffs['] arguments are identical to those previously submitted in their Motion for Summary Judgment, which this Court denied in its entirety.

(Defs.' Opp'n to Pls.' MIL's 1, 2 and 9, 2:5-11.)

"Federal Rule of Civil Procedure [("Rule")] 36(b) provides that any matter admitted in response to a request for admission is 'conclusively established' unless the court permits withdrawal or amendment of the admission." 999 v. C.I.T. Corp., 776 F.2d 866, (9th Cir. 1985)(quoting Fed. R. Civ. P. 36). Further, "[e]vidence inconsistent with a Rule 36 admission is properly excluded." Id. at 869-70. "[A] party cannot overcome a binding admission by offering evidence that contradicts the admission[.]" Shepherd v. Baca, No. CV 03-02923 JVS (AJW), 2009 WL 975845, at *3 (C.D. Cal. Apr. 8, 2009).

Although Defendants cannot introduce evidence contrary to matters they admitted under Rule 36, the scope of Plaintiffs' motion is unclear; Plaintiffs do not specify what specific anticipated testimony they seek to exclude. Since the Court cannot determine whether the evidence sought to be excluded contradicts Defendants' admissions, Plaintiffs' motion is DENIED.

**Motion in Limine No. 2**

Plaintiffs seek to exclude "any evidence or testimony that [Defendants] conducted an independent investigation by independently

2

investigating the . . . knowledge" of the citizen who filed the citizen's arrest, In-N-Out Burger restaurant manager Marc Young. (Pls.' MIL #2, 2:4-7.) In essence, Plaintiffs argue "[t]he parties have stipulated that . . . only [Defendant] McDowell spoke to Marc Young[,]" and Mr. Young testified in deposition that he and McDowell did not exchange any information concerning "what if anything Defendants had done" to warrant their arrest. Id. at 3:4-4:2. Therefore, Plaintiffs argue the Court should exclude any evidence to the contrary. Id. at 4:3-6.

It is unclear what the phrase "independently investigating the citizen witness' knowledge" means in this motion. Further, Plaintiffs have not shown that a witness's deposition testimony precludes the admission of evidence to the contrary. See Wright v. Fed. Bureau of Investigation, 241 Fed. Appx. 367, 2007 WL 1879794, at *1 (9th Cir. 2007)(stating "[s]tatements made at a deposition, unlike statements made in response to requests for admission, are not binding on the deponent"). For the stated reasons, Plaintiffs' motion is DENIED.

**Motion in Limine 3**

Plaintiffs move to exclude witnesses Officer Joel Orr, Officer A. Carreon, and Officer Solio from testifying at trial, arguing they

> were [not] disclosed in discovery . . . , and Plaintiffs have had no opportunity to discover[] further information about [them] since they were only disclosed on February 28, 2012[, when] the parties filed their Amended Joint Pretrial Statement[,] and the Court's [Status Order] required that all discovery be completed by September 21, 2011.

(Pls.' MIL #3, 2:4-16.)

Defendants counter,

> Each of the three officers was identified within the documents produced to Plaintiffs in response to

3

> both the Rule 26 Disclosures (see, for example, Plaintiffs' proposed Exhibit 6, police report for subject incident) as well as in response to Plaintiffs' request for production. Each of those names is prominently contained on numerous pages within those documents and has been addressed during deposition by the Defendant officers.

(Defs.' Opp'n to Pls.' MIL #3, 2:5-12.) Defendants further argue, "there is no duty to supplement any prior disclosures since Plaintiffs have previously received the identity of those officers as contained both within the police report and as testified to in deposition." Id. at 2:10-12.

Plaintiffs reply:

> Other than the police report, which Plaintiffs have re-reviewed and still cannot find any reference to these officers, Defendants have provided absolutely no evidentiary support for their contention that these officers' names are contained within, let alone prominently contained within, the documents produced by Defendants and were addressed in the deposition testimony of the Defendant officers.

(Pls.' Reply Re: MIL #3, 2:15-19.)

Rule 26 requires the disclosure of "the name . . . of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(I). "Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures 'in a timely manner' when the prior response is 'incomplete or inaccurate.'" Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008)(quoting Fed. R. Civ. P. 26(e)(1)(A)).

"If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially

4

justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1), was "implemented in the 1993 amendments to the Rules, [and] is a recognized broadening of the sanctioning power. The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide a strong inducement for disclosure of material[.]'" Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)(quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). "[T]he burden is on the party facing sanctions to prove harmlessness [or substantial justification]." Id. at 1107.

In essence, Defendants argue their production of documents, which reference these three witnesses, satisfied their obligation to identify them as potential witnesses. However, Plaintiffs cannot "realistically have been expected to recognize [these officers] as . . . potential witness[es] just because [their] name[s] [may have] appeared in some of the . . . documents produced in this case." Monsanto Co. v. Bayer Bioscience N.V., No. 4:00CV01915 ERW, 2005 WL 5989796, at *21 (E.D. Mo. Oct. 28, 2005); see also Mehus v. Emporia State Univ., 326 F. Supp. 2d 1213, 1218 (D. Kan. 2004)(rejecting argument "that by disclosing a document, [the party] has sufficiently disclosed its intent to 'call the authors as witnesses at trial to authenticate the complaint documents'"). Since Defendants have not shown that their failure to identify Officers Orr, Carreon, and Solio as witnesses was harmless or substantially justified, Plaintiffs' motion is GRANTED.

**Motion in Limine No. 4**

Plaintiffs seek to exclude Defendants' expert witness, Gregg Stuchtman, arguing "he was not disclosed by Defendants, who have only disclosed one expert, Don Cameron, in Defendants' Rebuttal Expert Witness Disclosure." (Pls.' MIL #4, 2:6-10.) Plaintiffs further argue,

5

"by listing Mr. Stuchtman in the Amended Joint Pretrial Statement, Defendants are attempting to circumvent an earlier order by the Court[,]" which denied Defendants' "motion to supplement their expert witness disclosure to add a forensic video expert." Id. at 2:11-17.

Defendants "do not dispute that Mr. Gregg Stuchtman should not be called in Defendants' case in chief[; i]nstead, Mr. Stuchtman is intended to be called only as a rebuttal witness[.]" (Defs.' Opp'n to Pls.' MIL #4, 2:5-7.) Defendants argue "such testimony is expressly admissible and authorized when offered in rebuttal to prior trial testimony." Id. at 2:6-7.

"Rule 26 requires parties to disclose the identity of **any** expert witness 'accompanied by a written report' detailing the opinions the expert will express and the data on which he or she will rely[.]" Jarritos, Inc. v. Reyes, 345 Fed. Appx. 215, 217 (9th Cir. 2009)(quoting Fed. R. Civ. P. 26(a)(2)). "Rule 26(a)(2)(D) [prescribes] that the [default] deadline for disclosing rebuttal experts is . . . 30 days after the expert witness disclosure deadline." Allstate Ins. Co. v. Nassiri, No. 2:08-cv-00369-JCM-GWF, 2011 WL 2975461, at *11 (D. Nev. July 21, 2011). That same rule permits the trial court to alter the timing and sequence of expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)("A party must make these disclosures at the times and in the sequence that the court orders."). Further, "[u]ntimely expert disclosure implicates Federal Rule of Civil Procedure 37(c)(1)." AZ Holding, LLC v. Frederick, No. CV-08-0276-PHW-LOA, 2009 WL 2432745, at *4 (D. Ariz. Aug. 10, 2009).

Notwithstanding Defendants' conclusory contentions to the contrary, rebuttal expert witnesses must be timely disclosed. And Defendants have provided no other justification for not disclosing Gregg

6

Stuchtman as an expert witness. Since Defendants have not shown that their failure to disclose Gregg Stuchtman as an rebuttal expert witness was harmless or substantially justified under Rule 37(c)(1), Plaintiffs' motion is GRANTED.

**Motion in Limine No. 5**

Plaintiffs seek to "exclud[e] expert witnesses from offering opinions not disclosed in discovery." (Pls.' MIL #5, 2:4-5.) Although the requested exclusion is not particular to any expert or anticipated testimony, Plaintiffs' argument in support of the motion specifically concerns Defendants' rebuttal expert witness, Don Cameron. Id. at 2:7-19. Plaintiffs argue:

> On the issue of whether the Defendant officers had probable cause to arrest Plaintiffs, Mr. Cameron's opinion was limited to his statement that the officers 'had probable cause to arrest [Plaintiffs] at the request of Mr. Young . . . [.]' Because Mr. Cameron's opinion is that the Defendant officers could arrest Plaintiffs based on the *request* of [Mr. Young], alone, he should be excluded from offering any opinion at trial that the Defendant officers conducted an independent investigation by either: (1) independently investigat[ing] the basis of the citizen witness['] knowledge; or (2) interview[ing] other witnesses.

Id. at 2:12-19.

Defendants counter, "Plaintiffs' Motion in Limine is somewhat cryptic and does not identify the exact testimony being challenged." (Defs.' Opp'n to Pls.' MIL #5, 2:5-6.) Defendants further argue:

> [Plaintiffs] seem[] to suggest that since Defendants' expert did not offer a verbatim transcript of his anticipated testimony, he is precluded from testifying at trial to anything outside of that report. However, Plaintiffs' position is in error and contrary to current law. As this Court is aware, the purpose of an expert's Rule 26 report is to divulge substance of opinion [sic], not to replicate every word that the expert might say; the report is not required to provide sufficient detail so an opponent will be prepared

7

>   to cross-examine, rebut and offer competing expert testimony.

Id. at 2:6-11.

To the extent Plaintiffs' motion specifically concerns expert Don Cameron's testimony on the issue of whether Defendants had probable cause to arrest Plaintiffs, it is DENIED since Plaintiffs have not shown that the testimony sought to be excluded was not encompassed within his expert report. See Speedtrack v. Wal-Mart Stores, Inc., No. C 06-7336 PJH, 2012 WL 581338, at *11 (N.D. Cal. Feb. 22, 2012)(denying a motion to strike portions of an expert's declaration when they merely provided more detail to opinions expressed in expert report and during his deposition). "The purpose of [Rule 26(a)(2)(B)] is to eliminate unfair surprise to the opposing party. But it does not limit an expert's testimony simply to reading his report[.] The rule contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007)(internal quotation marks, citation and brackets omitted).

The remainder of Plaintiffs' motion is "over-broad[,]" and is therefore DENIED. In re Homestore.com, Inc., No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *13 (C.D. Cal. Jan. 25, 2011)(denying motion in limine where party did "not provide[] the Court with the specific evidence claimed to be inadmissible"); see also Weiss v. La Suisse, Society D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003)(denying motion to exclude evidence for a "lack[] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion").

1  **Motion in Limine No. 6**

2  Plaintiffs seek to exclude "evidence or testimony of Defendant
3  officers['] training records[,]" arguing "the[] records have no
4  relevancy, as the Court has dismissed Plaintiff[s'] Monell claim against
5  the City if Fairfield[.]" (Pls.' MIL #6, 2:4-11.) However, Plaintiffs
6  further state that their motion "does not seek to exclude evidence or
7  testimony that Defendant officers arrested Plaintiffs using techniques
8  in which they were trained on, but rather, to exclude evidence and
9  testimony that the manner in which the Defendant officers arrested
10 Plaintiffs was appropriate based on their past performances reflected in
11 their training records." Id. at 2:17-20.

12 Since it is unclear what evidence is involved in this motion,
13 it is DENIED.

14 **Motion in Limine No. 7**

15 Plaintiffs move to "exclud[e] the introduction of documents
16 and other evidence requested but not produced in discovery." (Pls.' MIL
17 #7, 2:4-5.) This motion is "vague and overbroad[,]" and is therefore
18 DENIED. Lopez v. Chula Vista Police Dept., No. 07cv1272-WQH-BLM, 2010 WL
19 685014, at *7 (S.D. Cal. Feb. 18, 2010).

20 **Motion in Limine No. 8**

21 Plaintiffs "move for an order excluding: (1) Non-party
22 witnesses from the courtroom while they are not under examination; (2)
23 Witnesses to whom 24 hours notice was not given prior to calling; (3)
24 Speaking objections; and (4) Stipulations of fact or contentions in the
25 presence of the jury." (Pls.' MIL #8, 2:4-8.)

26 Defendants "agree that [an order excluding non-party witnesses
27 from the courtroom when they are not testifying] is appropriate," and
28 "agree that an order providing advance notice is appropriate, but

request the notice for any officer witnesses be increased to 48 hours." (Defs.' Opp'n to Pls.' MIL #8, 2:6-11.) Defendants object to Plaintiffs' third and fourth requests as "overly vague[.]" Id. at 2:13-19.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "The advantage of such motions is to avoid the obviously futile attempt to unring the bell in the event a motion to strike is granted in the proceedings before the jury." Briese v. Tilley, No. C 08-4233 MEJ, 2010 WL 3749442, at *4 (N.D. Cal. Sept. 23, 2010). Deciding whether to grant the relief Plaintiffs request in this motion does not further this purpose. Further, a ruling on Plaintiffs' second request appears unnecessary in light of Plaintiffs' reply that they "do not oppose Defendants' [48 hour] modification." (Pls.' Reply re MIL #8, 2:13-15.)

For the stated reasons, Plaintiffs' motion is DENIED, except as to Plaintiffs' request to exclude non-party witnesses from the courtroom. Notwithstanding that this request is not a "motion in limine," Federal Rule of Evidence 615 prescribes that "[a]t a party's request, the court must order [non-party] witnesses excluded [from the courtroom] so that they cannot hear other witnesses' testimony." All non-party witnesses will be excluded from the courtroom in accordance with Federal Rule of Evidence 615.

Further, notwithstanding the parties' apparent agreement concerning witness notification, trial should proceed at a faster pace than what the parties indicate; the Court will not permit unnecessary and/or unreasonable delays.

**Motion in Limine No. 9**

Plaintiffs seek to exclude "evidence or testimony that [Plaintiffs] were arrested for violating Penal Code section 602.1(a) based on their conduct or statements made after they were ordered to leave the restaurant, alone." (Pls.' MIL #9, 2:4-6.) In essence, Plaintiffs argue, "Defendants *cannot* show that they had probable cause to arrest Plaintiffs for violating Penal Code section 602.1(a) by showing *only* that Defendants refused to leave the premises . . . *after* being requested to leave[,]" therefore, "any evidence or testimony that Plaintiffs were arrested for violating [section 602.1(a)] based on their conduct or statements *after* they were ordered to leave the restaurant, alone, is irrelevant and should be excluded." Id. at 2:21-23, 3:4-6.

Plaintiffs' motion involves law and motion issues filed after the prescribed last hearing date for such matters. Therefore, it is DENIED.

**B.    Defendants' Motions in Limine**

**Motion in Limine No. 1**

Defendants request "an Order requiring the parties to provide at least 48 hours' notice of the identity of anticipated witnesses." (Defs.' MIL #1, 2:1-4.) As discussed above concerning Plaintiffs' Motion in Limine No. 8, this is not the proper subject of an in limine motion, and Defendants have not shown that a ruling is necessary. Further, the request appears excessive and if granted, could interfere with the progress of trial. For the stated reasons, Defendants' motion is DENIED.

**Motion in Limine No. 2**

Defendants request "an Order excluding witnesses from the Courtroom."  (Defs.' MIL #2, 2:1-6.) As stated above concerning

11

Plaintiffs' Motion in Limine No. 8, non-party witnesses will be excluded from the courtroom in accordance with Federal Rule of Evidence 615.

**Motion in Limine No. 3**

Defendants seek to preclude "Plaintiffs from introducing, offering evidence of, or making reference to any of the following: media coverage of the City of Fairfield, its police department, its police chief, police officers or any related matters; any prior civil cases involving the City of Fairfield, its police department, its chief of police or police officers[,]" arguing said evidence is irrelevant and precluded by Federal Rule of Evidence 403. (Defs.' MIL #3, 2:2-8, 2:18-25.)

Plaintiffs counter:

> It is unclear from Defendants' motion what the term "media coverage" refers to. If Defendants' motion is only intended to apply to traditional media, such as newspaper articles, televised news reports, or online news reports, Plaintiffs' do not oppose Defendants' Motion in Limine No. 3. If, however, Defendants' motion is intended to include what has been referenced in this case as the "YouTube video" (a video taken by a third-party witness who witnessed the events at issue in this action and who uploaded the video to YouTube) Plaintiffs oppose Defendants' Motion in Limine No. 3.

(Pls.' Opp'n to Defs.' MIL #3, 2:10-16.)

To the extent Defendants' motion encompasses the referenced YouTube video, Defendants have not shown that it is not probative on Plaintiffs' claims, nor that it should be excluded under Federal Rule of Evidence 403. Therefore, that portion of Defendants' in limine motion is DENIED. The remaining portion of the motion is DENIED as moot, since it is unopposed.

**Motion in Limine No. 4**

Defendants seek to exclude "any reference to any prior complaints of excessive force against the defendant officers and any reference to any prior bad acts by these Defendant officers or any other individual City of Fairfield police officer." (Defs.' MIL #4, 2:2-7.) Defendants argue "any and all evidence of other complaints against the Defendant officers . . . is irrelevant to prove Plaintiff's claims[,]" is "inadmissible character evidence proscribed by [Federal Rule of Evidence] 404[,]" and is protected by certain state law privileges. Id. at 3:6-8, 3:20-21, 4:25-6:11.

Plaintiffs respond:

> It is unclear from Defendants' motion whether Defendants intend the term "investigation" to include the Internal Affairs [("I.A.)"] investigation in this matter. If Defendants' motion does not include the [I.A.] investigation in this matter, Plaintiffs' do not oppose Defendants' Motion in Limine No. 4. If, however, Defendants' motion does include the [I.A.] Investigation in this matter, Plaintiffs oppose Defendants' Motion[.]

(Pls.' Opp'n to Defs.' MIL #4, 2:8-12.)

Defendants' motion is DENIED as moot since it cannot be fairly viewed to encompass the I.A. investigation concerning the allegations at issue in this action, and the motion is otherwise unopposed by Plaintiffs. Although Defendants reference the I.A. investigation "conducted in response to the subject incident" in the motion's conclusion, it is not referenced anywhere in the body of the motion. Further, none of Defendants' arguments made in support of the motion are applicable to the I.A. investigation conducted in connection with the subject incident. See e.g., Defs.' MIL #4, 4:13-17 ("Plaintiffs cannot introduce evidence of **prior** bad acts including, but not limited to,

13

**prior** complaints of veracity and force by the defendant officers . . . to prove that the level of force used by any or all of the officers in this case was excessive.")(emphasis added).

### Motion in Limine No. 5

Defendants seek to "prohibit[] the introduction of each of their statements provided to the City during the [I.A.] investigation of this incident[,]" arguing "such statements are privileged under <u>Lybarger v. City of Los Angeles</u>, 40 Cal.3d 822 (1985) and were taken despite the officers['] attempts to exercise their rights as guaranteed by the United States Constitution, including most notably the right to remain silent." (Defs.' MIL #5, 2:2-8.) Defendants further argue, "there is substantial other information available to Plaintiffs, including the police reports as well as all officers' depositions, such that Plaintiffs will not be prejudiced by the exclusion of those interviews." <u>Id.</u> at 2:16-18.

Plaintiffs rejoin, "<u>Lybarger</u> . . . ha[s] absolutely no application to this case[; t]he admissibility of the [I.A.] report and statements made by the Defendant officers therein is governed by Rule 803(8) of the Federal Rules Evidence." (Pls.' Opp'n to Defs.' MIL #5, 2:7-10.) Plaintiffs argue:

> <u>Lybarger</u> is inapplicable on its face. In <u>Lybarger</u>, the issue was whether a police officer could be administratively disciplined for refusing to cooperate in a criminal investigation of the police officer. . . . Unlike <u>Lybarger</u>, this is a civil action brought by Plaintiffs under state law and under 42 U.S.C. §1983, not a criminal action against the Defendant officers in which statements they made in a criminal investigation cannot be used against them in a subsequent criminal proceeding.

<u>Id.</u> at 2:27-3:1.

14

Since Defendants have not shown that the holding in Lybarger protects Defendants' statements in this civil action, Defendants' motion is DENIED.

**Motion in Limine No. 6**

Defendants seek to exclude "testimony about the use of force by individuals other than Plaintiff." (Defs.' MIL #6, 2:1-4.) Defendants argue:

> At least one other member of Plaintiffs' group was arrested by officers of the Fairfield Police Department. That witness claims the force used on her was excessive. However, she has not filed a claim or brought a lawsuit. Thus, her testimony is only designed to make the Defendant officers look bad. This kind of evidence is wildly prejudicial, not probative of any issue relevant to Plaintiffs' claims and must be excluded under Federal Rules of Evidence, Rules 402 and 403.

Id. at 2:5-9.

Plaintiffs rejoin,

> Defendants have offered absolutely no support for their contention that [the other member of Plaintiffs' group], if she is called as a witness, should be precluded from testifying on the basis that she may "make the Defendants officers look bad." [This individual] arrived in the same car with the Plaintiffs at the In-N-Out Burger restaurant, was with the Plaintiffs when they went inside the restaurant and when the Defendant officers arrived, interacted with the Defendant officers inside the restaurant, and was with Plaintiffs when they and she were arrested by the Defendant officers.

(Pls.' Opp'n to Defs.' MIL #6, 2:13-19.) Plaintiffs argue, "[a]s such, [her] testimony is relevant and admissible under Rules 401 and 402 of the Federal Rules of Evidence[,] and . . . Defendants have not and cannot show that [this witness'] testimony would be prejudicial under Rule 403 of the Federal Rules of Evidence." Id. at 2:19-23.

15

Defendants state they seek to exclude "testimony about use of force **by** individuals other than Plaintiff." (Defs.' MIL #5 2:3-4)(emphasis added). However, Defendants' arguments appear to concern testimony about Defendants' use of force **on** persons other than Plaintiffs. Since it is unclear what evidence Defendants seek to exclude in this motion, it is DENIED.

**Motion in Limine No. 7**

Defendants seek to "preclude any reference or evidence pertaining to any City of Fairfield policy in regards to the allegations against Defendants in the above-referenced litigation" and "the I.A. [investigation] conducted following the subject incident." (Defs.' MIL #7 2:2-6, 4:2-3.) In essence, Defendants argue such evidence is irrelevant and should be precluded under Federal Rule of Evidence 403 since Plaintiffs' Monell claims against the City have been dismissed. Id. at 2:7-9, 3:1-6, 3:16-23. Defendants also seek to limit the testimony of Plaintiffs' expert "so as to assure that he does not offer any opinions on any ultimate issues of law or witness credibility." Id. at 4:4-6.

Plaintiffs counter, Defendants "attempt to characterize [the City's policies and the I.A. investigation] as only being pertinent to establishing liability on the part of the City of Fairfield[, which is n]ot so." (Pls.' Opp'n to Defs. MIL #8, 2:13-19.) Plaintiffs argue:

> [The City's policies and the I.A. investigation] are not being used to show that the City . . . had a policy or practice of arresting people without probable cause but, rather, to show just the opposite, that the Defendant officers failed to follow their police department's own [policies].
>
> Likewise, the [I.A.] investigation and report . . . are relevant and admissible because the statements made by the Defendant officers' [sic] during the investigation reflect their observations and rationale for arresting . . . Plaintiffs and

16

        show that the Defendant officers did not conduct an independent investigation as required by law[.]

Id. at 2:21-3:3.

The portion of Defendants' motion, which seeks to exclude the I.A. investigation is DENIED since Defendants have not shown that it lacks probative value on Plaintiffs' claims or that it should be excluded under Federal Rule of Evidence 403. Further, the remainder of Defendants' motion is DENIED since it is unclear what evidence Defendants seek to exclude. For example, Defendants do not identify which City policies they seek to exclude, and "[i]n the absence of context, the court cannot categorically conclude that . . . evidence is not related to matters raised by the present dispute nor can it weigh its probity." Weiss, 293 F. Supp. 2d at 408.

**Motion in Limine No. 8**

Defendants seek to restrict Plaintiffs "from calling any witnesses or offering any documents into evidence which were not disclosed on a timely filed Pretrial Disclosure in compliance with [Rule] 26(a)(3)." (Defs.' MIL #8, 2:1-6.)

Since "[n]o particular documents or testimony have been identified in the motion," it is vague and overbroad, and is therefore DENIED. Weiss, 293 F. Supp. 2d at 408.

**Motion in Limine No. 9**

Defendants filed a ninth Motion in Limine on April 3, 2012, after the March 20, 2012, deadline to file in limine motions, in which they seek to exclude "any argument or reference to race as a motivating reason for the Plaintiffs' arrests." (Defs.' MIL #9, 2:4.) Defendants argue "such argument or reference" is irrelevant and should be excluded under Federal Rule of Evidence 403 since "this Court previously

17

adjudicated that Plaintiffs' arrests were not related to their race." Id. 2:8-9, 2:16-20. Defendants state the following regarding why the motion was not timely filed:

> This Motion is submitted following receipt of Plaintiffs' pretrial documents which were filed on or about March 27, 2012. Within those pleadings, Plaintiffs raise the issue of race being a motivating reason for their arrest and suggest they may attempt to reintroduce that issue despite it being previously dismissed by this Court . . . . Since that issue was conclusively adjudicated by the Court and no longer an issue in the case, Defendants did not believe it necessary or appropriate to submit a motion in limine directing Plaintiffs to comply with this Court's prior Order. However, the inclusion of the racial references in Plaintiffs' pretrial documents (i.e., Proposed Voir Dire Question No. 20 (Docket at 145)) suggests Plaintiffs intend on prosecuting race based allegations, despite the Court's prior dismissal of those claims.

Id. at 2:5-15.

The scope of Defendants' motion is unclear. Defendants do not specify what specific anticipated testimony or documentary evidence they seek to exclude, and use of the phrase "argument or reference to race as a motivating reason for the Plaintiffs' arrest" is ambiguous. For the stated reasons, Defendants' motion is DENIED.

Dated: April 4, 2012

GARLAND E. BURRELL, JR.
United States District Judge

18