IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders, | ) ) ) | 2:10-cv-00508-GEB-DAD |
| Plaintiffs, | ) ) | |
| v. | ) ) | **TENTATIVE RULING** GRANTING SUA SPONTE PARTIAL SUMMARY |
| City of Fairfield, Officer Nick McDowell, Officer Chris Grimm, Officer Tom Shackford, Officer Zack Sandoval, and Sergeant Steve Crane, | ) ) ) ) ) | JUDGMENT IN FAVOR OF DEFENDANTS ON PLAINTIFFS' STATE LAW FALSE ARREST CLAIMS |
| Defendants. | ) ) ) | |
| _____ | ) | |

In reviewing the parties' pretrial filings, it appears "the undisputed facts entitle [Defendants] to judgment as a matter of law" on Plaintiffs' state law false arrest claims. Portsmouth Square, Inc. v. S'holders Prot. Comm., 770 F.2d 866, 869 (9th Cir. 1985). Therefore, for the reasons stated below, the Court tentatively grants summary judgment, *sua sponte,* in favor of Defendants on those claims.

**I. LEGAL STANDARD**

"District courts unquestionably possess the power to enter summary judgment sua sponte, even on the eve of trial." Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010). As prescribed in Federal Rule of Civil Procedure 56(f)(3): "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary

1 | judgment on its own after identifying for the parties material facts
2 | that may not be genuinely in dispute."

### II. DISCUSSION

In their Trial Brief, Defendants contend "Defendants are immune from Plaintiffs' claims of false arrest." (Defs.' Trial Brief 6:6-7.) Defendants argue, "[u]nder California law, an officer who accepts delivery of a person following a citizen's arrest is not liable for false arrest or false imprisonment even if the officer determines that there is no grounds for making a criminal complaint[,]" and in this case, "[t]here is no dispute that Marc Young authorized a citizen's arrest of each Plaintiff[.]" Id. at 6:7-12 (quoting Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 920-21 (9th Cir. 2001).

Plaintiffs respond in their Rebuttal Trial Brief, arguing, "[n]one of the[] cases [cited by Defendants] support [their] contention that by virtue of Mr. Young's signature on the citizen's arrest form alone that they are somehow immunized from Plaintiffs' state . . . false arrest claims." (Pls.' Rebuttal Trial Brief 5:5-7.) Plaintiffs further counter, "even where an arrest is made by a citizen witness, police officers must establish probable cause to effectuate the arrest, and in order to establish probable cause an officer may not rely on the claim of a citizen witness but must independently investigate the basis of the citizen's knowledge or interview other witnesses[.]" Id. at 5:9-12.

"Where a citizen's arrest is at issue, . . . the federal and state requirements for probable cause, and therefore reasonableness, diverge." Bolbol v. City of Daly City, 754 F. Supp. 2d 1095, 1115 (N.D. Cal. 2010). "[T]he federal Constitution requires police officers to have independent probable cause when effectuating a citizen's arrest[.]" Hopkins v. Bonvicino, 573 F.3d 752, 774 (9th Cir. 2009). Whereas under

state law, "[a] peace officer who accepts custody of a person following a citizen's arrest is not required to correctly determine whether the arrest was justified, and cannot be held liable for the arrest if it was improper." Hamburg v. Wal-Mart Stores, Inc., 116 Cal. App. 4th 497, 503 (2004)(internal citation omitted); see also Meyers v. Redwood City, 400 F.3d 765, 772-73 (9th Cir. 2005)(stating "California courts have held that . . . an officer cannot be sued civilly if he makes [an arrest pursuant to a citizen's arrest] and, it turns out, there were no grounds for the citizen's arrest").

In this case it appears undisputed that all three Plaintiffs were arrested pursuant to Mr. Young's citizen arrest since the parties state the following are "undisputed facts" in their Amended Joint Pretrial Statement ("AJPS"):

> (j)  One of the officers re-entered the restaurant and asked Mr. Young if he would sign a citizen's arrest, which he agreed to do. However, Mr. Young could not see what was occurring in the parking lot.

> (k)  Defendant Officers were later joined by Sergeant Crane. Based on information he had received from Officer McDowell, which included that Mr. Young had told him that he would be willing to file a citizen's arrest, Sergeant Crane ordered that the Defendant Officers arrest Plaintiffs. Plaintiffs were later charged with criminal trespass under Penal Code section 602.1(a) and resisting arrest under Penal Code section 148(a)(1).

(AJPS, 3:4, 4:12-19.) Further, the arrest reports for each Plaintiff include a "Citizens Arrest Statement" by Marc Young, which state the following: "I hereby arrest the above person on the charge indicated herein and request a peace officer to take him/her into custody." See Arrest Reports of Monique Rankin, Markus Hall and Lindsey Sanders pp.

000403-000410, filed as Ex. E to the Decl. of Garret D. Murai in Supp.
of Pls.' Mot. for Summ. Adjudication, ECF No. 56-2.

"Because the undisputed facts indicate that [Defendants] accepted delivery of [Plaintiffs] after [Young] made a citizen's arrest," partial summary judgment on Plaintiffs' state law false arrest claim is tentatively granted. Arpin, 261 F.3d at 921 (9th Cir. 2001). Any party may file and serve written objections to any part of this tentative ruling no later than May 14, 2012. Any objection must specify the requested correction, addition, and/or deletion. Any response to an objection shall be filed and served no later than May 21, 2012. If no objection is filed, this tentative ruling will become final without further order of this Court. If an objection is filed, this matter may be scheduled for hearing on June 4, 2012 at 9:00 a.m.

Dated:  April 10, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge