IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Markus M. Hall, Monique G. Rankin, Lindsey K. Sanders,<br><br>    Plaintiffs,<br><br>  v.<br><br>City of Fairfield, Officer Nick McDowell, Officer Chris Grimm, Officer Tom Shackford, Officer Zack Sandoval, and Sergeant Steve Crane,<br><br>    Defendants.<br>_____ | 2:10-cv-00508-GEB-DAD<br><br><u>ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON PLAINTIFFS' STATE LAW FALSE ARREST CLAIMS</u>[*] |

   A Tentative Ruling granting partial summary judgment *sua sponte* in favor of Defendants on Plaintiffs' state law false arrest claims was filed on April 11, 2012. (ECF No. 169.) The April 11, 2012 Tentative Ruling ("Tentative Ruling") gave the parties an opportunity to file and serve written objections to any part of the Tentative Ruling.

   Plaintiffs filed objections to the Tentative Ruling on May 14, 2012. Defendants filed a "Response" to the Tentative Ruling on May 14, 2012, in which they state that they "agree with the Court's tentative ruling[,]" but "contend [the] ruling necessarily requires the Court to also grant summary judgment in Defendants' favor as to the federal false

---

   [*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

arrest claims pursuant to the qualified immunity doctrine." (Defs.' Resp. 1:5-9, ECF No. 170.)

After considering the parties' filings, the Court will grant partial summary judgment in favor of Defendants on Plaintiffs' state law false arrest claims. Defendants' request to expand the scope of the Tentative Ruling will be denied.

## I. LEGAL STANDARD

"District courts unquestionably possess the power to enter summary judgment *sua sponte*, even on the eve of trial." Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010). As prescribed in Federal Rule of Civil Procedure 56(f)(3): "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat. Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

The evidence must be viewed "in the light most favorable to [Plaintiffs]," and "all reasonable inferences" that can be drawn from the evidence must be drawn "in [Plaintiffs'] favor . . . ." Nunez v. Duncan, 591 F.3d 1217, 1222-23 (9th Cir. 2010) (internal quotation marks omitted). However, "[t]he district court must . . . undertake some initial scrutiny of the inferences that could be reasonably drawn from the evidence" to determine "whether there remains sufficient probative

evidence which would permit a finding in favor of [Plaintiffs] based on more than mere speculation, conjecture, or fantasy." Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 680-81 (9th Cir. 1985).

## II. FACTUAL SUMMARY

This litigation concerns Plaintiffs' arrests at an In-N-Out Burger restaurant in Fairfield, California during the early morning hours of July 4, 2009.

It is undisputed that all three Plaintiffs were arrested pursuant to the citizen's arrests of In-N-Out Burger's manager, Marc Young. (Pls.' Objections 5:6-9, ECF No. 171; Am. Joint Pretrial Statement 3:4, 4:12-19, ECF No. 98; Arrest Reports of Monique Rankin, Markus Hall & Lindsey Sanders pp. 000403-000410, filed as Ex. E to the Decl. of Garret D. Murai in Supp. of Pls.' Mot. for Summ. Adjudication, ECF No. 56-2.) However, Plaintiffs dispute the legality of Mr. Young's citizen's arrests and the circumstances surrounding the citizen's arrests, i.e., whether Mr. Young or the defendant officers initiated them. (Pls.' Objections 2:8-10, 5:14-15, 8:11-27.)

## III. DISCUSSION

"[T]he federal Constitution requires police officers to have independent probable cause when effectuating a citizen's arrest . . . ." Hopkins v. Bonvicino, 573 F.3d 752, 774 (9th Cir. 2009). In contrast, "California law explicitly exempts officers effectuating a citizen's arrest from civil liability." Id. (citing Cal. Penal Code § 847(b)(3)); see also Meyers v. Redwood City, 400 F.3d 765, 772-73 (9th Cir. 2005) (stating "California courts have held that . . . an officer cannot be sued civilly if he makes [an arrest pursuant to a citizen's arrest] and, it turns out, there were no grounds for the citizen's arrest"). Since the undisputed facts establish Defendants arrested Plaintiffs pursuant

to Mr. Young's citizen's arrests, the Tentative Ruling issued granting partial summary judgment in favor of Defendants on Plaintiffs' state law false arrest claims. (Tentative Ruling 4:3-6.)

Plaintiffs object to the Tentative Ruling, arguing "there [are] genuine issue[s] of material fact" as to "the lawfulness of Marc Young's citizen's arrest[s]" and as to who initiated the citizen's arrests, which prevent the Court from granting partial summary judgment in favor of Defendants on their state false arrest claims. (Pls.' Objections 2:9-10, 2:16-19.) Plaintiffs' arguments are addressed in turn.

**A.  The Lawfulness of Marc Young's Citizen's Arrests**

Plaintiffs state the Tentative Ruling "correctly distinguishes the federal and state requirements in effectuating a citizen's arrest." (Pls.' Objection 2:24-25.) However, Plaintiffs argue that under Bobol v. City of Daly City, "in order for a police officer not to be held liable for a state law false arrest claim, the citizen's arrest must be lawful under state law." (Id. at 5:9-11 (citing Bobol v. City of Daly City, 754 F. Supp. 2d 1095, 1115 (N.D. Cal. 2010)). Plaintiffs further argue: "[b]ecause the Court must view all facts in favor of Plaintiffs, the Court can only conclude that there is a genuine issue of material fact as to the lawfulness of Young's citizen arrest[s] and, ultimately, not adopt its Tentative Ruling." (Id. at 5:14-17.)

The following statements from the Bolbol v. City of Daly City decision appear to support Plaintiffs' position:

> [I]n California, where the citizen's arrest is valid under state law, the officer effectuating the citizen's arrest may not be held liable. [Kesmodel v. Rand, 119 Cal. App. 4th 1128, 1137 (2004)] (citing Cal. Penal Code § 847(b)). Accordingly, for the purposes of determining both a state constitutional unlawful seizure and a state section 236 false imprisonment/false arrest claim, the

4

        court addresses whether the underlying citizen's arrest on its own was reasonable, and thus lawful.

Bolbol, 754 F. Supp. 2d at 1115. Further, the Bolbol court denied the officer defendant summary judgment on Plaintiff's state law false imprisonment claim stating, "whether [the officer defendant] arrested [Plaintiff] pursuant to a lawful citizen's arrest under state law, and thus whether [the officer defendant] unlawfully seized and falsely imprisoned [Plaintiff] as a matter of state law, is a genuine issue of material fact." Id. However, the California decision cited by the Bolbol Court in support of its ruling on this issue, Kesmodel v. Rand, does not discuss the validity of the citizen's arrest at issue anywhere in its opinion. To the contrary, the Kesmodel decision states on page 1137 of the decision: "[a] peace officer who accepts custody of a person following a citizen arrest is not required to correctly determine whether the arrest as justified, and **cannot be held liable for the arrest if it was improper**." Id. at 1137 (emphasis added). Therefore the Court finds the Bolbol decision on this issue unpersuasive and declines to follow its ruling.

      Moreover, Ninth Circuit and California state court decisions, which discuss police officer liability under state law in arresting individuals pursuant to citizen's arrests, indicate the officer's liability does not depend upon the validity of the underlying citizen's arrest. For example, the Ninth Circuit states in Arpin v. Santa Clara Valley Transportation Agency:

> In Kinney v. County of Contra Costa,. . . , the California Court of Appeal held that a peace officer who accepts delivery of a person following a citizen's arrest is not liable for false arrest or false imprisonment **even if the officer determines that there is no grounds for making a criminal complaint**. . . . Because the undisputed facts indicate that [the] Officers . . . accepted

5

> delivery of [Plaintiff] after Ruiz made a citizen's arrest, the district court did not err in granting summary judgment to [the Officers] on the state law claims of false arrest and unlawful imprisonment.

Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 920-21 (9th Cir. 2001) (emphasis added) (citing Kinney v. Cnty. of Contra Costa, 8 Cal. App. 3d 761, 767-68 (1970)). In Arpin, the parties disputed the validity of the underlying citizen's arrest. Id. at 918. However, this factual dispute did not affect the Ninth Circuit's review of the district court's summary judgment ruling in favor of Defendants on Plaintiff's state law false arrest claim. Similarly, in Hamburg v. Wal-Mart Stores, Inc., the California Court of Appeal states:

> A peace officer who accepts custody of a person following a citizen's arrest **is not required to correctly determine whether the arrest was justified and cannot be held liable for the arrest if it was improper**. Therefore, while a person falsely arrested by a citizen ordinarily has no remedy against the peace officer who took him or her into custody as a result of the arrest, he or she has a tort remedy against the offending citizen.

Hamburg v. Wal-Mart Stores, Inc., 116 Cal. App. 4th at 573-74 (2004) (emphasis added) (internal citations and footnote omitted).

The legislative history of California Penal Code sections 142 and 847 also indicates the validity of a citizen's arrest is not material in determining whether a police officer is liable for false arrest under state law. California Penal Code section 142 previously "imposed criminal liability on peace officers who willfully refused to receive, *inter alia*, persons placed under citizen's arrest." Hamburg, 116 Cal. App. 4th at 573 n.2. California Assembly Bill 1835, 2002 Cal. Stats. ch. 526 ("AB 1835") amended section 142 "so as to make it inapplicable to arrests made by private persons." Id.

6

AB 1835 also amended California Penal Code section 847 "to provide that [subsection (b)'s limitations to] the civil liability of a peace officer . . . shall apply to arrests made pursuant to the provisions authorizing a private person to make a citizen's arrest." Legislative Counsel's Digest, Assembly Bill 1835 (2002). The staff analysis for the Assembly Committee on Public Safety, which related the "need for [AB 1835]" stated:

> This bill . . . provides that an officer cannot be sued for false arrest or false imprisonment under state law if the officer arrests or takes custody of a person who has been arrested by a citizen. Two California cases have already addressed the issue of whether an officer who arrests a person pursuant to a citizen's arrest can be sued under state law for false arrest and false imprisonment. Both cases concluded that the officer was immune from civil liability. Shakespeare v. Pasadena (1964) 230 Cal. App. 2d 375, and Kinney v. County of Contra Costa (1970) 8 Cal. App. 3d 761.

Hearings on AB 1835 before the Assembly Committee on Public Safety (March 12, 2002). The Senate Committee on Public Safety related similar objectives of the proposed legislation: "[A] purpose[] of this bill is to . . . clarify or reiterate that an officer is immune from civil liability for accepting or receiving a citizen's arrest." Hearings on AB 1835 before the Senate Committee on Public Safety (June 11, 2002).

For the stated reasons, Plaintiffs have not shown that any factual dispute concerning the validity of Mr. Young's citizen's arrests is material to Plaintiffs' state law false arrest claims.

**B.   Initiation of the Citizen's Arrest**

Plaintiffs also argue the Court should not adopt its Tentative Ruling because "there is a genuine issue of material fact as to whether Defendants initiated the arrests[,]" and "an officer's obligation to accept custody of the person placed under a citizen's arrest and thus,

7

immunity from a [state] false arrest claim, is triggered by a citizen's arrest already in effect." (Pls.' Objections 2:16-19, 8:7-9.) However, Plaintiffs have not cited any authority to support their contention that an officer is immune from a state false arrest claim only when they accept custody of a person who has already been arrested by a citizen. Therefore, Plaintiffs have not shown that any factual dispute concerning the initiation of Mr. Young's citizen's arrests is material to Plaintiffs' state false arrest claims.

### IV. CONCLUSION

For the stated reasons, partial summary judgment is granted in favor of Defendants on Plaintiffs' state law false arrest claims. Further, Defendants' request to expand the Tentative Ruling to grant summary judgment on Plaintiffs' federal false arrest claims is denied.

Dated:   January 7, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge